EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. NOSSER et al.

No. 6978.

Circuit Court of Appeals, Fifth Circuit.
May 1, 1934.

Chas. F. Engle and S. B. Laub, both of Natchez, Miss., and Carl Marshall, of Bay St. Louis, Miss., for appellant.

John Brunini and Jas. D. Thames, Sr., both of Vicksburg, Miss., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This case is quite like the case of Employers' Liability Assurance Corporation v. Bodron, 65 F.(2d) 539, heretofore decided by this court. The appellees, one of them being the surviving husband, and the other a son, of Ida Thomas Nosser, recovered judgment in a Mississippi state court against Joseph T. Nosser on the ground of his negligently driving his automobile and causing the death of said Ida Thomas Nosser while she and others were riding with him by his invitation. The personal injuries for the alleged negligent causing of which the plaintiff in the cited case recovered judgment were sustained by her in the same automobile casualty. The action brought by the appellees was defended by the appellant, by lawyers selected and employed by it, pursuant to a provision of a policy it had issued to the defendant therein, whereby it agreed to defend in the name of the assured suits brought against him on account of accidental injury resulting from the operation of his automobile. After the judgment recovered by the appellees had been affirmed by the Supreme Court of Mississippi (161 Miss. 561, 137 So. 491), appellees sued out a writ of garnishment against appellant. The latter removed the proceeding against it to the court below. In that proceeding the appellant set up as a defense that it (the insurer) was not liable because the assured, Joseph Thomas Nosser, failed to comply with the following clause of the policy: "Co-Operation. Condition D. The assured, when requested by the corporation, shall aid in effecting settlements, in securing evidence and the attendance of witnesses, in defending suits, and in prosecuting appeals, and shall at all times render to the corporation all co-operation and assistance in the assured's power." The court denied a motion, made, upon the conclusion of the evidence, by the defendant, appellant here, that a verdict in its favor be directed.

A reversal is sought because of the above-mentioned ruling, the appellant contending that uncontroverted evidence showed that the assured breached the above-quoted provision of the policy. An examination of the record has led us to the conclusion that that contention is wholly unjustified. The matter of dealing with claims against the assured arising out of the automobile casualty was in the hands of representatives of the appellant from a time prior to the assertion of any such claim. So far as appeared, the appellant did not desire or seek the assured's co-operation or assistance otherwise than by applying to him for information and the signing of written statements as to the circumstances attending the casualty, for aid in getting appellant's representative in contact or communication with other witnesses of the occurrence, and that assured be available as a witness when needed. A phase of the evidence tended to prove that the assured did all in the way of co-operation with the appellant that reasonably could have been expected of him under the circumstances. It cannot reasonably be denied that there was evidence supporting a finding that in material respects evidence relied on by the appellant to prove that the assured breached the above quoted condition of his policy lacked credibility, or that evidence adduced in the trial negatived the conclusion that the assured breached that condition of his policy. In view of what is disclosed by the record, it is not too much to say that something less excusable than partisan zeal would be required in making a claim that some of appellant's representatives who were principal witnesses in its behalf fared well under cross-examination. We think no good purpose would be served by setting out the evidence or further discussing it. We have no difficulty in reaching the conclusions from the record that the defense based on the alleged breach by the assured of the above-quoted provision of his policy was not established by uncontroverted evidence, and that the court did not err in making the ruling complained of.

The judgment is affirmed.