## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. JOHNS et al.

### No. 5422.

Circuit Court of Appeals, Third Circuit.
July 10, 1934.

Henry K. Golenbock, of Perth Amboy, N. J., for appellant.

Charles M. James and Edwin F. Smith, both of Jersey City, N. J., Raymond Dawson, of New York City, and Edwards, Smith & Dawson, of Jersey City, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

PER CURIAM.

In this case the plaintiff, after she recovered against the owner of an automobile a judgment for her personal injury caused, as was alleged, by reason of his negligence while driving the same, brought this suit to recover the amount of such judgment from the defendant company, which had insured the owner of the car. The defense of the insurance company was that the insured had breached the assistance clause of the policy, which provided: "(2) Whenever requested by the Company, the Assured shall aid in securing information, evidence, and the attendance of witnesses in effecting settlements and in defending suits hereinbefore referred to. The Assured shall at all time render to the Company all reasonable cooperation and assistance."

At the trial this issue of fact was submitted to, and decided by, the jury in plaintiffs' favor. The defendant asked for binding instructions. The court refused such request, which refusal is here assigned for error. It will thus be seen no principle of law is involved, and the sole question is whether, in view of the proofs, the court was in error in leaving that question of fact to the jury.

After a study of the proofs, we are of opinion the court would have been in error had it granted defendant's prayer and taken the case from the jury. The situation was one where the latter, not the judge, was the proper one to decide the disputed facts and the inferences to be drawn therefrom. As no useful purpose would be served by marshaling and discussing the proofs, we limit ourselves to affirming the judgment below.