### ERIE INDEMNITY CO. v. FISHER.
### No. 6096.

Circuit Court of Appeals, Third Circuit.
Jan. 27, 1937.

Margiotti, Pugliese, Evans & Reid and E. V. Buckley, all of Pittsburgh, Pa., for appellant.

Henry Schor, of Pittsburgh, Pa., and Pollack & Pollack, of Cleveland, Ohio, for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that the Erie Indemnity Company (hereafter called Erie) issued a policy against accident to Isadore Epstein, a car owner and a resident of Pennsylvania. While he was driving the car, an accident occurred, in which Riva Fisher, a resident of Ohio, who was his fellow passenger, was injured. The policy provided:

"In case judgment shall be secured against the Insured by reason of any casualty covered by this policy and because of such bankruptcy or insolvency, execution on said judgment is returned unsatisfied, then a suit may be prosecuted by the judgment creditor against the Exchange subject to the terms and conditions of this contract for the amount of such judgment not exceeding the limits of this contract. * * *

"The insured shall at all times render to the Exchange and its Attorney in Fact all co-operation and assistance in his power, and the failure to furnish to the Attorney in Fact such information, receipts, vouchers and sworn statements when and as the same may be required in connection with any claim under this Insurance Contract, shall void such claim and terminate this Insurance Contract."

Thereafter Fisher brought suit against Epstein in an Ohio state court for alleged negligence on his part, served summons on him, and recovered judgment against him. Thereafter she issued an execution on her judgment, which was returned nulla bona. Later, she brought suit against Erie in the court below to recover on her Ohio judgment to the amount of the bond. On the trial, the court submitted to the jury the disputed question of whether, according to the requirements of the policy, Epstein had rendered "all co-operation and assistance in his power," and whether he had furnished "such information * * * and sworn statements when and as may be required." The dispute in that regard centered on Epstein's omission to sign a written statement about his driving of the car,

which statement he said was incorrect, and which Erie alleged was a true account of what he had orally said.

■ Without entering into a recital of the evidence pro and con, we are of opinion the court would not have been justified in refusing to submit that question to the jury, which it did in these words—to the use of which no exception was taken:

"Ladies and gentlemen of the jury, there is the real issue before you in this case. Did Epstein cooperate or did he not? You have his testimony; you have the testimony of Black and Young and Rossiter on that point, and it is for you to determine where the truth of the matter lies. Was the failure to state that the automobile brakes were defective a sufficient failure to cooperate to justify the insurance company in taking the position that they did? Did they ask anything that they were not entitled to ask when Epstein came to Black's office with the summons and complaint when they asked him to give them a true statement, if Black did so ask him? Epstein denies the conversation to that effect in Black's office, and you will have to reconcile the testimony of those two witnesses and determine where the truth of the whole matter lies. Of course, if Epstein failed to render a true statement as to how the accident occurred, according to his best understanding, then he was not cooperating with the insurance company so that they could properly prepare a defense."

■ Objection is now made that Fisher had not complied with the requirement of the policy that "in case judgment shall be secured against the Insured by reason of any casualty covered by this policy and because of such bankruptcy or insolvency, execution on said judgment is returned unsatisfied, then a suit may be prosecuted by the judgment creditor against the Exchange subject to the terms and conditions of this contract for the amount of such judgment not exceeding the limits of this contract."

After a study of the proofs, we are of opinion that it is questionable whether that objection can be here assigned for error. It is true that while, during the course of the trial, this question was raised on admission of evidence and the testimony of Epstein and others was received showing he had no property, and there was no evidence to the contrary, nevertheless, when it came to the charge, the court, as we have seen, charged that the only question in the case was that of Epstein's co-operation or nonco-operation and then asked: "Have counsel on either side request for further or additional charges on any point that we may have omitted?" and at the conclusion, further: "Have counsel on either side now a desire to record any exceptions to the charge or any part of it?" and the record contains the statement: "No exceptions were requested by counsel for the respective parties."

Under these circumstances, it would seem that Erie did not insist that this question should have been submitted to the jury or complain of the court's omission to submit it, and it would seem equally clear that if it had asked the court to decide that question, it would have been error for the court to itself decide that question as one of law when, as stated in the record, there was proof that Epstein "had no money at the time the judgment was rendered in Cuyahoga County, Ohio, and that he had no real estate and no property or anything of value and that he was and had been insolvent ever since judgment was rendered against him."

Finding no error on the part of the trial judge in the foregoing and in the other questions raised, all of which have been considered, the judgment below is affirmed.