**GALT v. PHŒNIX INDEMNITY CO., Inc.**

No. 7591.

United States Court of Appeals for the
District of Columbia.

Decided May 26, 1941.

Alvin L. Newmyer and David G. Bress,
both of Washington, D. C., for appellant.

Henry I. Quinn, of Washington, D. C.,
for appellee.

Before GRONER, Chief Justice, and
MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Herbert S. Bryant, who was in government service, with the National Museum, in Washington, owned a Ford automobile, upon which he had a policy of automobile insurance in the Phoenix Indemnity Company. He gave permission to his nineteen year old son, Dean Bryant, to drive the automobile, with a party of his young friends, by way of the Skyline Drive in Virginia, to Duke University, in Durham, North Carolina. While near Dillwyn, Virginia, the Ford car overturned and Elizabeth Galt, one of its occupants, was injured. Following the accident, Dean Bryant made a statement to the Insurance Company as to the cause thereof, in which he stated that on a stretch of practically straight road, while the car was going at a speed of about fifty miles an hour, Elizabeth Galt, who was sitting on the front seat with him, opened the cowl ventilator of the car, whereupon dust, dirt and cigarette ashes were blown from the floor of the car into his eyes; he was momentarily blinded, and lost control of the car, which then overturned. He stated that the weather was clear at the time of the accident; the road was dry; there was no other interfering traffic; neither he nor any of the other members of the party had been drinking. He stated further that none of the occupants of the car had made any complaints concerning the manner in which he was driving the car; that he was driving carefully at the time of the accident; and that the accident was caused solely by his being blinded by dust blown up from the floor when the cowl ventilator was opened. Similar statements were made and signed by the three other occupants of the car, Yale B. Huffman, Jr., Virginia Elizabeth Seal, and Elizabeth E. Galt.

Thereafter, Elizabeth Galt brought suit against Dean Bryant, on account of the injuries suffered by her in the accident. On the day before the trial, Yale Huffman, Jr., informed the insurer that the statement which he had previously signed was false. As a result of this disclosure, the Insurance Company required the insured to sign a "non-waiver" agreement. This agreement provided that the rights of neither the insured nor the insurer under the insurance policy would be waived because of the defense of the case, by the insurer; and that it should not be "construed as a waiver of the right of the Company, if in fact it has such right, to deny liability to the said Dean Bryant under the said policy . . . :"

At the trial Elizabeth Galt, together with Yale Huffman, Jr., and Virginia Seal, repudiated the statements which they had made to the Insurance Company representative. Each testified in substance that the four occupants of the automobile, at the suggestion of Dean Bryant, and to protect him from the wrath of his father, agreed to tell the story which appeared in the statements made by Dean Bryant and by each of them; but that in fact the statements were untrue. Specifically, each of the three testified that Dean Bryant was driving at approximately seventy miles an hour, and that each had protested one or more times to him against driving so recklessly. In addition, Elizabeth Galt testified that she did not open the ventilator but that Dean Bryant had kicked it open. Dean Bryant, however, testified in support of the statement which he had made to the Insurance Company representative, and denied that he had asked the others to testify falsely, or to make any false statement.

Following a verdict in her favor, judgment was entered for Elizabeth Galt against Dean Bryant. In an effort to secure satisfaction of the judgment, an attachment was issued against appellee, the Phoenix Indemnity Company. Appellee replied, in response to interrogatories, that it had issued the automobile insurance policy, but it denied liability thereunder. Elizabeth Galt traversed the answers of the Insurance Company and prayed judgment against it for the amount of the judgment which she had recovered against Dean Bryant. The issue thus presented was tried to a jury. In this case, as in the earlier one, Elizabeth Galt, Virginia Seal and Yale Huffman, Jr., testified that the statements made by each of the four occupants of the automobile to the Insurance Company representative were false; and each of the three testified similarly, as in the earlier trial, as to what actually occurred at the time of the accident. Dean Bryant, however, again testified without qualification in support of his first statement. At the close of appellant's evidence, the lower court directed a verdict in favor of appellee. This appeal is from the judgment entered thereon.

The question which we must decide is whether the case was properly taken from the jury. The rule governing this question is that the motion to direct a

verdict admitted every fact in evidence which tended to sustain appellant's case, together with every inference reasonably deducible therefrom;[1] and that if there was any evidence from which the jury could reasonably have found for the appellant, upon proper instructions of law, the order directing a verdict was improper.[2]

The theory of appellee's defense is that there was a breach of the so-called cooperation clause of the insurance policy, the pertinent language of which reads as follows: " . . . The Assured shall cooperate with the Company, except in a pecuniary way, in the defense of claims and suits and in prosecuting appeals." Appellee assumes, in support of this theory, that Dean Bryant's statement of the cause of the accident was false, and that the testimony given by the other occupants of the car was correct. The lower court proceeded upon the same theory; in fact, in its opinion, after referring to the testimony of the three witnesses it said: "If that testimony is to be believed, the defendant has supported its claim that Bryant breached the cooperation clause of his insurance contract. That testimony has been matched only by one piece of evidence. The plaintiff, seeking to rebut, has relied solely upon the testimony of Bryant in his deposition. In that deposition Bryant still says that he told the truth in his statement to the insurance company. How can this plaintiff seek to recover on the testimony of Bryant, when it is utterly inconsistent with her own, not only in the former trial, but in this one, and inconsistent with the testimony of other witnesses that were produced in the former trial by her and vouched for by her? If this case should go to the jury on Bryant's testimony, when the plaintiff at the former trial had refuted the statement made by Bryant, and by now pinning her hopes for her success in this case upon that which she then denounced as false, when she could not have had a verdict or judgment in the former case if she had relied upon Bryant's version of the occurrence, it would be, in my opinion, a distortion of justice to allow her now to collect the judgment that she then obtained upon the other theory of fact, by now espousing the claim then made by Bryant and by him alone." But the question is not whether appellant's position is inconsistent, or whether in the court's opinion it would be a distortion of justice to allow her to recover under the circumstances. The question is whether there was any evidence upon which the jury could reasonably have found that Dean Bryant did cooperate with the Insurance Company. There was such evidence, and the case should have gone to the jury[3] for its determination of the question of fact.[4] Herbert S. Bryant, the father, testified that his son, Dean Bryant, had cooperated with the Insurance Company; specifically, that the son had stayed out of school in California and had come to Washington to testify. The father also testified that the son had never refused to do anything requested of him by the Insurance Company.

"It is well settled that, to relieve the insurer of liability on the ground of lack of cooperation, discrepancies in statements by the insured must be made in bad faith and must be material in nature and prejudicial in effect."[5] In the present case there were

[1] Hellweg v. Chesapeake & Potomac Tel. Co., 71 App.D.C. 346, 110 F.2d 546.

[2] Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, certiorari denied 306 U.S. 630, 59 S.Ct. 464, 83 L. Ed. 1032. Cf. Marks v. Home Fire & Marine Ins. Co., 52 App.D.C. 225, 285 F. 959.

[3] Employers' Liability Assur. Corp., Ltd., v. Bodron, 5 Cir., 65 F.2d 539, 540, certiorari denied 290 U.S. 698, 54 S.Ct. 208, 78 L.Ed. 600; Employers' Liability Assur. Corp., Ltd., v. Nosser, 5 Cir., 70 F.2d 516, 517; Metropolitan Casualty Ins. Co. v. Johns, 3 Cir., 72 F.2d 171; Erie Indemnity Co. v. Fisher, 3 Cir., 87 F.2d 990, 991; State Automobile Mut. Ins. Co. v. York, 4 Cir., 104 F.2d 730, 733, certiorari denied 308 U.S. 591, 60 S.Ct. 120, 84 L.Ed. 495; Notes, 72 A.L.

R. 1446, 1454, 1455, 98 A.L.R. 1465, 1468, 1469. But cf. United States Fidelity & Guaranty Co. v. Wyer, 10 Cir., 60 F.2d 856, certiorari denied 287 U.S. 647, 53 S. Ct. 93, 77 L.Ed. 560 (jury waived and cause tried to the court).

[4] Ems v. Continental Auto Ins. Ass'n, Mo.App., 284 S.W. 824; Employers' Liability Assur. Corp., Ltd., v. Bodron, 5 Cir., 65 F.2d 539, certiorari denied 290 U.S. 698, 54 S.Ct. 208, 78 L.Ed. 600. See Notes, 72 A.L.R. 1446, 1454, 1455, 98 A.L.R. 1465, 1468, 1469.

[5] State Automobile Mut. Ins. Co. v. York, 4 Cir., 104 F.2d 730, 733, certiorari denied, 308 U.S. 591, 60 S.Ct. 120, 84 L.Ed. 495, citing Medico v. Employers' Liability Ins. Corp., 132 Me. 422, 172 A. 1, and Ocean Accident & Guarantee

no such discrepancies. To the contrary, Dean Bryant told the same story, consistently and unwaveringly, to the representative of appellee, at the trial between himself and Elizabeth Galt and at the trial between Elizabeth Galt and appellee. Interestingly enough, the story which he told, if true, proved that Elizabeth Galt, herself, caused the accident and that he was not negligent; hence, that neither he nor appellee was liable. Although Dean Bryant's veracity was impeached, it was impeached by three witnesses who, as the necessary basis therefor, confessed their own untrustworthiness. And, it must be remembered, they did this in order to secure for Elizabeth Galt a judgment against the same Dean Bryant. Plausible as their story may be, convincing as it may have been to the judge, nevertheless, Dean Bryant is the only one of the four who is not self-impeached and he is the only one of the four who has consistently told a story which, if true, proves that the Insurance Company is not liable. Perhaps the jury may believe the other three and disbelieve Bryant. But that is for the jury to say when the case is submitted to it.

■ Although it is not argued directly by appellee, the use in its brief of language taken from our decision in Curry v. Curry,[6] suggests that reliance is placed upon the theory that appellant is estopped from relying upon the testimony of Dean Bryant. The opinion of the lower court seems, also, to be based upon this concept. It is true that, in general, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."[7] But each case must be decided up-

on its own particular facts and circumstances.[8]

■ And, in order that the rule shall operate, it is necessary that the parties be the same, and the issues the same.[9] In addition, the party urging the estoppel "must show that he has done something or omitted to do something in reliance upon the other party's conduct by which he will now be prejudiced if the facts are shown to be different from those upon which he relied."[10] In the present case, the rule is not satisfied. The parties are not the same. In the former trial, the adversaries were the injured party—the present appellant—and the insured. Here the appellant is suing the insurer. The issues are not the same. In the former trial, the question was the negligence of the insured. In the present case, the question is whether or not the insured breached the cooperation clause of the insurance policy. There was no reliance upon appellant's testimony to the prejudice of appellee. The record shows that even before the former trial the Insurance Company knew of the inconsistencies in the stories concerning the accident. "Where the parties have equal knowledge or opportunity of knowledge, or where the facts are known equally to both, or both have equal means of ascertaining them, there can be no estoppel."[11]

■ It is true that the present position of appellant is inconsistent with her former position. However, Dean Bryant, as well as appellee and appellant, is vitally interested in the determination of this case. If the doctrine of estoppel were applied it would operate most severely against him. If, when the case is properly submitted to a jury and decided by it, the result shall be that appellee is relieved of liability and Dean Bryant must satisfy the judgment which has been secured against him, it will

Corp. v. Lucas, 6 Cir., 74 F.2d 115, 98 A.L.R. 1461.

[6] 65 App.D.C. 47, 49, 79 F.2d 172, 174: ". . . 'it is wise to provide certain means by which a man may be concluded, not from saying the truth, but from asserting that what has become accredited as truth by his act is false.' "

[7] Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578. Cf. Miami Cycle & Mfg. Co. v. Allen, 6 Cir., 257 F. 556.

[8] Globe Indemnity Co. v. Cohen, 3 Cir., 106 F.2d 687, 692, certiorari denied 309 U.S. 660, 60 S.Ct. 513, 84 L.Ed. 1008.

[9] Officer v. J. L. Owens Co., 8 Cir., 252 F. 337, 340, 342.

[10] Thompson v. Park Sav. Bank, 68 App.D.C. 272, 277, 96 F.2d 544, 549, certiorari denied 305 U.S. 606, 59 S.Ct. 82, 83 L.Ed. 385. Cf. Deitrick v. Greaney, 309 U.S. 190, 197; Steel v. Smelting & Refining Co., 106 U.S. 447, 456, 1 S.Ct. 389, 27 L.Ed. 226; Brant v. Virginia Coal & Iron Co., 93 U.S. 326, 335, 23 L. Ed. 927.

[11] Thompson v. Park Sav. Bank, 68 App.D.C. 272, 277, 96 F.2d 544, 549, certiorari denied 305 U.S. 606, 59 S.Ct. 82, 83 L.Ed. 385.

not be because he acted in collusion[12] with Elizabeth Galt to secure payment from appellee, but because from beginning to end he has asserted the truth of evidence which, if true, is the only evidence upon which appellee could properly be entitled to escape liability. The paradoxical situation, therefore, is that the position of appellee is equally as inconsistent as that of appellant. It defended on behalf of Dean Bryant in the first trial on the assumption that his testimony—favorable to it—was true. That decision going against its interests it then repudiated Dean Bryant, on the theory that he had failed to cooperate. In other words, the only person in the whole case who has not assumed an inconsistent position; who has steadfastly maintained the truth of his original position, throughout, is Dean Bryant. Whether he testified falsely on each occasion is clearly a question which the jury should decide.

Reversed.

---

[12] Cf. State Automobile Mut. Ins. Co. v. York, 4 Cir., 104 F.2d 730, certiorari denied 308 U.S. 591, 60 S.Ct. 120, 84 L. Ed. 495; Ems v. Continental Auto Ins. Ass'n, Mo.App., 284 S.W. 824, 825.