## ADAMS v. CAPITAL TRANSIT CO. et al.

### No. 9054.

United States Court of Appeals District of Columbia.

Argued Feb. 8, 1946.

Decided April 15, 1946.

Mr. Donald S. Caruthers, of Washington, D. C., with whom Messrs. Robert W. McMillan and S. Jay McCathran, both of Washington, D. C., were on the brief, for appellant.

Mr. Howard Boyd, of Washington, D. C., with whom Mr. Edward B. Williams, of Washington, D. C., was on the brief, for appellee Capital Transit Company.

Mr. Albert E. Brault, of Washington, D. C., for appellee Robert Will.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

PER CURIAM.

This is an appeal by the plaintiff who failed to recover against either of two defendants in a negligence action arising out of an accident which occurred when she was alighting from a streetcar and was pushed upon or in front of a taxi-cab by an unknown youth making a quick exit from the same car.

While there is a conflict in the evidence as to precise details, it appears from the record that the accident happened when the plaintiff, appellant here, in the company of a friend, was getting off defendant Capital Transit Company's streetcar at 14th and Clifton Sts. N. W., on the evening of September 19, 1942. At about the same time appellant was leaving through one of the center doors of the car a youth boarded the car through the front door showing, according to the testimony of the motorman, a "bad pass". The motorman asked to see the pass again but the youth proceeded to the center of the car, and the motorman followed him back into the car to check on the pass. To escape the motorman, the boy went hurriedly through one of the center doors and in so doing struck and pushed the plaintiff either from the car and across the

loading platform, or from the platform, to the street and into the path of an oncoming taxi owned by defendant Will. The boy ran away and was not identified. The plaintiff was seriously injured as a result of being struck by the cab.

This suit was brought against both the transit company and the owner of the cab. The plaintiff's theory is that the streetcar motorman's conduct in pursuing the boy inside the car constituted negligence, and that the driver of the cab was, under the circumstances, driving at an unreasonable rate of speed and too close to the loading platform.

 Appellant contends that the jury's verdict in favor of appellee Capital Transit Company was against the weight of the evidence and the law. We think the record amply supports the result which was reached. The evidence as to the conduct of the motorman was conflicting and it was for the jury to find, under appropriate instructions from the court, whether the version of that conduct which they believed constituted a breach of the carrier's duty to exercise the highest degree of care. We find nothing in the record to require a finding in accordance with appellant's contention that "the motorman should have known or should reasonably have anticipated that his conduct would place the safety of the passengers of his car in jeopardy."

 At the close of the plaintiff's case the court directed a verdict for defendant Will, owner of the taxi-cab. Appellant contends this was error. We do not agree. All that was shown as to the operation of the taxi-cab was that it was travelling, at the very most, 20 miles per hour, and that it was perhaps as close as two feet to the loading platform at the point of impact. No evidence was introduced tending to show that the speed or location of the vehicle in relation to the platform constituted a lack of due care under the circumstances. Taking into account all legitimate inferences that could be drawn favoring the appellant, we are convinced that the trial court was correct in directing a verdict for defendant Will. The standard set out in the cases cited by appellant has been met.[1] In the light of the evidence before it, we do not think the trial court erred in refusing to admit local traffic regulations offered by the appellant.

Having decided that it was not error for the trial court to direct a verdict for defendant Will, it is not necessary to discuss appellant's argument that the "erroneous verdict" for Will prejudiced the jury in favor of Capital Transit, the remaining defendant.

 Similarly, we do not think that the trial court's remarks, at the opening of the charge to the jury, to the effect that "this is another case of which we have so many here in the District, where the plaintiff sues the defendant claiming compensation for injuries," constitute an error requiring reversal.[2] The charge, read in its entirety, was correct and did not prejudice the substantive rights of the plaintiff.

Affirmed.

[1] Pessagno v. Euclid Investment Co., Inc., 72 App.D.C. 141, 112 F.2d 577; Hellweg v. Chesapeake and Potomac Telephone Co., 71 App.D.C. 346, 110 F.2d 546; Boaze v. Windridge & Handy, Inc., 70 App.D.C. 24, 102 F.2d 628; Danzansky v. Zimbolist, 70 App.D.C. 234, 105 F.2d 457; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380; Carusi v. Schulmerick, 69 App.D.C. 76, 98 F.2d 605; Galt v. Phoenix Indemnity Co., Inc., 74 App.D.C. 156, 120 F.2d 723; Glaria v. Washington Southern Railway Co., 30 App.D.C. 559. See also S. S. Kresge Co. v. Kenney, 66 App.D.C. 274, 86 F.2d 651.

[2] See Gutshall v. Wood, 74 App.D.C. 379, 123 F.2d 174; Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.