JACKSON AND COKER, INC., Plaintiff,

v.

A.J. LYNAM and Connie M. Lynam, Defendants,

A.J. LYNAM and Connie M. Lynam, Plaintiffs,

v.

JACKSON AND COKER, INC.

Civ. A. Nos. 91–5127, 92–2311.

United States District Court, E.D. Pennsylvania.

Jan. 12, 1993.

Debbie R. Sandler, Philadelphia, PA, for plaintiffs.

Alan B. Epstein, Philadelphia, PA, for defendants.

## MEMORANDUM ORDER

ROBRENO, District Judge.

AND NOW, TO WIT, this 11th day of January, 1993, upon consideration of Jackson and Coker's motion for "partial" summary judgment on the claims it raises in Case No. 91–5127,[1] and the response there-

---

1. This action consists of two consolidated cases. Although Jackson and Coker has captioned its motion as one for "partial" summary judgment, as best the Court can determine Jackson and Coker is, in fact, seeking "complete" summary judgment on all of the claims it raises in 91–5127. The motion does not relate to the claims at issue in 92–2311. Jackson and Coker presumably uses the term "partial" as a result of the consolidation of the two cases.

to, IT IS ORDERED that said motion is DENIED, for the following reasons:

■ The promissory note at issue contains a clause stating that payment on the note would become due "six (6) months from the date hereof or on the date of the sale" of the Lynams' home. For Jackson and Coker to succeed in its motion, the Court must find that the note requires payment no later than six months from the date of its execution. The note, however, does not state whether payment would become due upon the earlier or the later of the two triggering events.

■ In the federal courts, federal law governs the allocation of the functions of the court and the jury over questions of contract construction and interpretation. *Cooper Laboratories v. International Surplus Lines Insurance Co.*, 802 F.2d 667, 671 (3d Cir.1986), *citing Nunez v. Superior Oil Co.*, 572 F.2d 1119 (5th Cir. 1978). Under federal law, contract ambiguities are questions of fact to be determined by the jury; however, "it is the function of the court to make the preliminary determination, out of hearing of the factfinder, as to whether an ambiguity *may* exist." *Tigg Corporation v. Dow Corning Corporation*, 822 F.2d 358 (3d Cir.1987) (emphasis in original). In appropriate circumstances, state law governs the construction that is to be given to the contract by the court in making its preliminary determination. *Cooper Laboratories*, 802 F.2d at 667.

■ The contract in the case at hand contains an ambiguity in that it does not clearly define when payment on the note would become due. The parties have provided authorities under Georgia law, and for purposes of this motion the Court will assume without deciding that Georgia law applies. Jackson and Coker has not directed the Court to any Georgia rule of contract construction that removes this plain ambiguity, and, indeed, it appears to the Court that no rule ·of contract construction can eliminate an ambiguity of this nature. Because a contract ambiguity creates a material issue of fact for the fact finder, summary judgment must be denied. Fed. F.Civ.P. 56.

In its reply brief, Jackson and Coker for the first time notes that the deed used by the parties to secure the debt states that "[t]he promissory note associated with this deed has a maturity date of June 12, 1990." Since June 12th, 1990 was six months after the execution of the promissory note, Jackson and Coker argues that this clause renders the note unambiguous and establishes that the earlier of the two dates stated in the note must control. The clause quoted above, however, appears to have been unilaterally added to the deed by Jackson and Coker *after* the deed was executed by the Lynams. The mere fact that the Lynams may have failed to voice an objection to Jackson and Coker's change can not, under the currently sparse state of the factual record, compel a finding of a meeting of the minds on this term sufficient to support an award of summary judgment. *See* Restatement of Contracts § 69 (1979) (listing limited circumstances under which silence can be deemed acceptance of a contract). Jackson and Coker is, of course, free to show otherwise upon a more developed record or at trial.