**John ANIA and Alexa Largoza,**
**Plaintiffs**

v.

**ALLSTATE INSURANCE COMPANY, Chubb Group of Insurance Companies, and Nationwide Insurance Enterprise, Defendants**

**No. 00–CV–1054.**

United States District Court,
E.D. Pennsylvania.

May 29, 2001.

Alan C. Milstein, Derek T. Braslow, Sherman, Silverstein, Kohl, Rose and Podolsky, Pennsauken, NJ, for John Ania, Alexa Largoza, Plaintiffs.

Bonnie S. Stein, Curtin & Heefner, Morrisville, PA, for Allstate Ins. Co., Defendant.

Alfred W. Putnam, Jr., Drinker Biddle & Reath LLP, Philadelphia, PA, for Chubb Group of Ins. Companies, Defendant.

Robert T. Horst, Nelson, Levine, Deluca and Horst, LLC, Blue Bell, PA, for Nationwide Insurance Enterprise, Defendant.

## MEMORANDUM

TUCKER, District Judge.

## I. BACKGROUND

Plaintiffs John Ania and Alexa Largoza, a married couple residing in West Chester, Pennsylvania, brought this action to require three insurance companies with whom they have policies, Allstate Insurance Company, Great Northern Insurance Company,[1] and Nationwide Mutual Insurance Company,[2] to compensate them for losses of personal property in a fire at their residence on May 26, 1999. All three defendants have filed Motions to Dismiss Plaintiff's Complaint, arguing that plaintiffs have failed to cooperate in its investigation of the fire and that they are therefore in breach of their insurance contract and barred from recovery in a suit for the contract's proceeds.

Defendants attach several exhibits to their respective motions that are outside the pleadings, and Nationwide and Allstate request that the Court treat their submissions as motions for summary judgment, arguing that the legally relevant facts are undisputed by plaintiffs, so that there is no need to conduct discovery before ruling on the pleadings and the exhibits presented by defendant; Great Northern makes no such request. Upon review of the affidavits and other exhibits provided by defendants, the Court agrees that the facts essential to the determination of the motions are undisputed, and the Court will consider Nationwide's and Allstate's motions as motions for summary judgment. The Court finds that, except for a few claims for which they offer no defense or support, plaintiffs have stated claims upon which relief may be granted, and that undisputed facts show that genuine issues of material fact remain for trial. The Court will therefore grant defendants' motions in part as to the unsupported claims, but will deny defendants' motions as to summary judgment, without prejudice to defendants' right to file dispositive motions at the conclusion of all discovery in this action.

## II. LEGAL STANDARD

Under the rules of civil procedure, federal courts may enter summary judgment if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate under Rule 56(c) if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322—323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has

---

**1.** Great Northern has filed a motion to dismiss the complaint in which it states that it was incorrectly named in the complaint as "Chubb Group of Insurance Companies".

**2.** Nationwide's motion to dismiss the complaint states that it was incorrectly named in the complaint as "Nationwide Insurance Enterprise".

met its initial responsibility, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The nonmoving party may not rest upon bare assertions, conclusory allegations, or suspicions, *see Fireman's Insurance Co. v. Du Fresne*, 676 F.2d 965, 969 (3rd Cir.1982), nor upon "the mere allegations or denials of the [nonmoving] party's pleading," Fed.R.Civ.P. 56(e), but must support its response with affidavits, depositions, answers to interrogatories, or admissions on file. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3rd Cir.1990).

A fact is material if it might affect the outcome of the suit under the governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A disputed factual matter is a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. The Court must make its determination after considering the facts and all reasonable inferences drawn from them in the light most favorable to the nonmoving party. *Id.* at 255—256, 106 S.Ct. 2505.

## III. DISCUSSION

### A. Nationwide Motion For Summary Judgment

#### 1. Breach of contract claim

Nationwide asserts that plaintiffs' complaint must be dismissed, because they have failed to comply with the terms and conditions of their insurance policy, by refusing to submit to a complete examination under oath and by failing to turn over documents requested by Nationwide.

Under Pennsylvania law, a breach of the insured's duty to cooperate with an insurance investigation may relieve the insurer from liability only if the failure is "substantial" and has caused the insurer to suffer prejudice, *see Forest City Grant Liberty Assocs. v. Genro II, Inc.*, 438 Pa.Super. 553, 652 A.2d 948, 951 (1995), and as Nationwide concedes, an insurance company bears the burden of showing that prejudice has resulted from an insured's failure to cooperate, *see Champion v. Chandler*, 1999 WL 820460 (E.D.Pa. September 29, 1999) (Pollack, J.).[3] Nationwide cites *Champion* for the proposition that a court can determine the existence of prejudice as a matter of law, *see id.* at *2; plaintiffs cite *Forest City* for the proposition that, under Pennsylvania law, if there is any ambiguity in the evidence on the record, the existence of a material breach of the policy is a question of fact for the factfinder, *see id.* at 951. In fact, "in this case federal practice allocating the functions of court and jury is controlling." *Cooper Laboratories v. International Surplus Lines*, 802 F.2d 667, 671 (3d Cir.1986).[4] Under federal law, if the evidence on the record is ambiguous, the existence of a material breach of an insured's duty to cooperate is a question of fact for the factfinder. *See, e.g., Erie In-*

---

**3.** *See also Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193, 196 (1977).

**4.** Although federal courts in the Third Circuit have frequently applied state law to the issue of whether a matter is a question of law or a question of fact, *see Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130, 138 (3d Cir.2001); *Hatco Corp. v. W.R. Grace & Co.-Conn.*, 59

F.3d 400, 405 (3d Cir.1995); *Channel Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 300 n. 9 (3d Cir.1986); *In re Air Crash Disaster at Mannheim Germany on September 11, 1982*, 769 F.2d 115, 124 n. 12 (3d Cir.1985); *Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001, 1011 n. 10 (3d Cir.1980), those courts that have identified the possibility of applying federal law to

*demnity Co. v. Fisher*, 87 F.2d 990, 991 (3d Cir.1937); *Metropolitan Casualty Ins. Co. of New York v. Johns*, 72 F.2d 171, 171 (3d Cir.1934); *Farmers Casualty Co. v. Green*, 390 F.2d 188, 189 (10th Cir.1968).

In this case, the record is ambiguous. Plaintiffs state that they are only claiming damages for losses to personal property, and they allege that Nationwide has had complete access to that property, and that they have provided all of the necessary receipts to demonstrate their ownership. In the absence of any authority from the Third Circuit supporting the proposition that a failure to appear for an examination under oath must always be materially prejudicial, Nationwide asserts in its Reply that such failure is "per se prejudicial," but Nationwide's unsupported assertion does not make it so. Nationwide has not articulated what specific information it sought and was denied by virtue of plaintiffs' failure to submit to an examination under oath, and thus Nationwide has not met its burden to demonstrate the existence of an clear, unambiguous material breach of the policy.

Likewise, with regard to plaintiffs' alleged failure to turn over all required financial information, Nationwide does not specify in its motion precisely which financial documents it is seeking, or why it would need to view those documents in order fully to evaluate plaintiffs' claim. Nationwide cites a case from outside the Third Circuit, *Powell v. United States Fidelity and Guaranty Co.*, 88 F.3d 271 (4th Cir.1996), for the proposition that an insured's refusal to provide documents regarding his or her financial background constitutes a breach of the insurance contract,[5] but *Powell* was construing the language of a state statute which does not apply in Pennsylvania, and in any event, a contractual breach by the insureds will not waive Nationwide's liability unless Nationwide can meet its burden to demonstrate that the breach was material.[6] In this case, some of the exhibits provided by the parties suggest that the insurance adjustors had seen all of the personal property at issue here in plaintiffs' home prior to the fire, and that Nationwide had full access to the property shortly after the fire. Therefore, it is not self-evident that Nationwide needed to view the unspecified financial documents regarding plaintiffs' financial backgrounds in order to evaluate

---

this issue have done so. These include courts in the Third Circuit, *see Cooper*, 802 F.2d at 671; *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 84 (3d Cir.1960), *cert. denied*, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960); *Younis Brothers & Co. v. Cigna Worldwide Ins. Co.*, 899 F.Supp. 1385, 1397 (E.D.Pa.1995); *Jackson and Coker v. A.J. Lynam*, 812 F.Supp. 54, 55 (E.D.Pa.1993); *Abraxas Group, Inc. v. Guaranty National Ins. Co.*, 648 F.Supp. 304, 305 (W.D.Pa.1986), and in other circuits, *see Glass v. Kemper Corp.*, 133 F.3d 999, 1001 (7th Cir.1998); *FMC Finance Corp. v. Murphree*, 632 F.2d 413, 421 n. 5 (5th Cir.1980); *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1125 (5th Cir.1978) ("[A]lthough the substantive issues are governed by state law pursuant to *Erie*, federal law governs the allocation of issues raised between judge and jury.") (citing *Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958)); *Meyers v. Selznick Co.*, 373 F.2d 218, 222, n. 1 (2d.Cir.1966) (Friendly, J.) ("The relative function of judge and jury in contract interpretation in a suit in the federal courts is an issue of federal 'procedural' law and is not governed by *Erie* considerations").

**5.** Nationwide's own case demonstrates that in Georgia, at least, an insured's tax returns are not "per se relevant." *Powell*, 88 F.3d at 273, n. 2 (citing *Hines v. State Farm Fire & Casualty Co.*, 815 F.2d 648, 652 (11th Cir.1987)).

**6.** Nationwide also cites a case from the United States District Court for the Eastern District of Pennsylvania, but the case is unreported and the Court could not find it on Westlaw.

their claim, and a genuine issue of material fact remains as to whether Nationwide was prejudiced by a denial of access to the unspecified documents.

### 2. Bad faith claim

■ Nationwide also argues that plaintiffs' claim for bad faith under 42 Pa.C.S.A. § 8371 must be dismissed for failure to state a claim. A claim of bad faith regarding an action by an insurance company requires plaintiffs to show, by clear and convincing evidence, that the insurer lacked a reasonable basis for its action, and that it knew of, or recklessly disregarded, the lack of a reasonable basis. *See Terletsky v. Prudential Property & Casualty Insurance Co.,* 649 A.2d 680, 688, 437 Pa.Super. 108, 125 (1994). Nationwide asserts that plaintiffs have breached their policy as a matter of law, and that Nationwide therefore necessarily had a reasonable basis for denying coverage. The evidence does not show that plaintiffs have materially breached their policy as a matter of law, however; the record can be construed to show that plaintiffs have made no such breach. In the Complaint, plaintiffs claim that Nationwide has harassed them, lodged spurious accusations of fraud, and declined appropriate payment without any reasonable basis; Nationwide responds that it launched a prompt and thorough investigation in good faith, but these assertions are not uncontroverted. Plaintiffs have therefore asserted a claim for bad faith upon which relief may be granted, and their claim does not fail as a matter of law on the basis of the undisputed facts in the record.

### B. Allstate Motion To Dismiss

Allstate moves to dismiss the Complaint on grounds similar to those relied upon by Nationwide, and Allstate likewise asks that its motion be treated as one for summary judgment. Like Nationwide, however, Allstate has not shown that no genuine issue of material fact still exists for trial.

■ Allstate notes that the policy requires insureds to notify it "promptly" of any losses, and claims that plaintiffs breached the policy by failing to report losses resulting from the fire to Allstate until five months after the loss. Allstate does not cite any authority for the proposition that a five-month delay in reporting a loss is a material breach which prejudices the insurer, and in this case plaintiffs assert that the delay in reporting was Allstate's fault, and that in any event, all relevant property and financial records were available for review at the time Allstate was notified of the loss.

Allstate also argues that it cannot be in breach of the insurance policy because it has not yet made a coverage determination and therefore has not yet denied coverage. Allstate had several months to make its decision before plaintiffs filed suit, however, and its lengthy delay may operate as a constructive breach. Here, plaintiffs allege that Allstate had ample time to make its determination. Allstate's argument that plaintiffs themselves have breached the policy by filing suit before being denied coverage is belied by paragraph 12 of the policy, which states that any suit or action against Allstate must be brought within one year from the date of the loss. In this case, the loss occurred on May 26, 1999, and plaintiffs filed suit on February 28, 2000; had plaintiffs waited just three more months, Allstate would undoubtedly argue that the time to file suit under the policy had run. As it happened, Allstate made no determination within four months of being notified of the loss; plaintiffs allege that Allstate made no effort to investigate the claim in that time, failed to attend an examination under oath given by Ms. Largoza in January 2000, and did not send

a notice requesting an additional examination under oath until after plaintiffs had filed suit. Allstate concedes that it cannot cite any Pennsylvania cases that would establish the materiality of the policy breaches it alleges, particularly in the circumstances alleged by plaintiffs. Thus, Allstate has not shown that plaintiffs are barred from filing suit under the policy as a matter of law. The materiality of plaintiffs' alleged breaches of the policy is a matter for the factfinder.

■ Allstate also moves for dismissal of plaintiffs' claim for bad faith insurance practices, on largely the same grounds as Nationwide. Allstate asserts that plaintiffs have breached their policy as a matter of law, and that Allstate therefore necessarily had a reasonable basis for denying coverage. This argument fails for the same reason as Nationwide's argument: the record does not show as a matter of law that plaintiffs committed material breaches of the policy that prejudiced Allstate. Allstate adds that it made an advance payment to Largoza for losses to personal property, and that Largoza signed a waiver acknowledging that the question of coverage remains outstanding, and that therefore it was impossible for Allstate to have compensated Largoza in the full amount of her loss, and hence Allstate's actions cannot have been unreasonable. This argu-

ment also fails, because under Pennsylvania law, a bad faith insurance practice can include an unreasonable delay in payment.[7] Here, plaintiffs allege that Allstate had amply time to investigate the claim but made no reasonable effort to do so. The record, as it has been developed to this point, would permit a reasonable factfinder to find that Allstate had unreasonably delayed its investigation and its compensation of the plaintiffs.

Allstate argues in the alternative that the claim for treble damages for bad faith, and the claim for damages under the tort of "outrage" and under the Pennsylvania Unfair Insurance Practices Act should be stricken, because, in Pennsylvania, the law does not permit recovery of treble damages, and there is no private right of action for "outrage" or for violation of the UIPA. As plaintiffs have made no response to these assertions, Allstate's motion will be granted in part on these grounds.

Allstate is unable to show that plaintiffs have failed to state a claim upon which relief may be granted, or that plaintiffs are barred from filing suit under the policy and that it must prevail as a matter of law, and thus there remains a genuine issue for trial. Allstate's motion for summary judgment will be denied in part, and granted in part to the extent that it strikes claims for

---

7. *Terletsky v. Prudential Property & Casualty Insurance Co.*, 649 A.2d 680, 688, 437 Pa.Super. 108, 125 (1994) may be read to imply that bad faith requires an actual refusal to pay proceeds of a policy by an insurer, but the statute's prohibition applies equally to an unreasonable delay in payment. *See, e.g., Klinger v. State Farm Mutual Automobile Insurance Co.*, 115 F.3d 230, 234 (3rd Cir.1997). A reasonable delay alone will not establish a bad faith claim, *see Quaciari v. Allstate Ins. Co.*, 998 F.Supp. 578, 583 (E.D.Pa.1998), but delay can be grounds for liability if an insurer knows of or recklessly disregards the lack of any reasonable basis for its delay. It would be perverse if an insurer could escape bad

faith liability by a prolonged and unjustified refusal to approve or deny an insured's claim while another insurer were liable for an immediate, albeit unreasonable, denial, where both actions were unreasonable insurance practices that injured insureds in identical manners. In these cases, for all practical purposes, delay functions as the equivalent of denial. Indeed, several decisions of this court have found that unreasonable delay is grounds for a bad faith claim. *See, e.g., Kraeger v. Nationwide Mutual Insurance Company*, 1996 WL 711488, *3, No. Civ. 95–7550 (E.D.Pa. Dec. 6, 1996); *Thomas v. State Farm Insurance Company*, 1999 WL 1018279, *2, No. Civ. 99–2268 (E.D.Pa. Nov. 5, 1999).

treble damages for bad faith, for outrage, and for violation of the UIPA.

## C. Great Northern Motion To Dismiss

■ Great Northern brings a Motion to Dismiss Plaintiffs' Complaint on essentially the same grounds as Nationwide; Great Northern does not ask that its motion be treated as a motion for summary judgment, however, despite the fact that it has attached exhibits to its motion. The Court will treat the motion as it is labeled, as a motion to dismiss. "[T]o decide a motion to dismiss, court generally considers only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," *Pension Ben. Guar. Corp. v. White Consol. Ind.*, 998 F.2d 1192, 1196 (3d Cir.1993). Documents that are " 'integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment'." *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1426 (3d Cir.1997) (citations omitted).

■ Great Northern's motion will be denied because plaintiffs have not alleged that they materially breached their insurance policy. Plaintiffs have asserted that they provided all of the requested information that was material, that Ms. Largoza, at least, submitted to at least a partial examination under oath, and that Great Northern is not prejudiced by the lack of additional information. Since, under Pennsylvania law, a breach of the insured's duty to cooperate with an insurance investigation may relieve the insurer from liability only if the failure is "substantial" and has caused the insurer to suffer prejudice, *see Forest City Grant Liberty Assocs. v. Genro II, Inc., supra,* plaintiffs have successfully alleged that their own conduct would not relieve Great Northern from liability. Great Northern has not shown

that undisputed documents, whether attached to the complaint or referenced therein, or otherwise admitted as accurate by plaintiffs, conclusively disprove plaintiffs' claims to have provided all material information. Thus, plaintiffs would be entitled to relief if they could prove all necessary facts in support of the claims set out in the complaint, and dismissal is not proper at this stage of the action.

Great Northern also moves for dismissal of plaintiffs' claims for bad faith under § 8371, for outrage, and for violation of the Unfair Insurance Practices Act, in each case for the same reasons asserted by Allstate. For the same reasons as set forth above for Allstate and Nationwide, Great Northern's motion will be denied as to the claim for bad faith insurance practices. As with the case of Allstate, however, plaintiffs make no response to Great Northern's arguments regarding the tort of "outrage" and the UIPA, and Great Northern's motion will be granted as to those claims.

## IV. CONCLUSION

Defendants have not demonstrated in their respective Motions for Summary Judgment that the evidence establishes that the plaintiffs' alleged failure to submit to examination under oath and to turn over all requested documents are material breaches of the respective policies that are prejudicial to defendants. Defendants have also failed demonstrate that such failure is materially prejudicial in every case as a matter of law. Genuine issues of material fact remain for trial, and the Court will deny defendants' Motions for Summary Judgment without prejudice to defendants' right to file dispositive motions at the conclusion of all discovery in this case. Allstate's and Great Northern's motions will be granted in part to the extent that they request that claims for treble

damages, outrage, and violation of the Unfair Insurance Practices Act be stricken from the Complaint.

An appropriate order follows.

## ORDER

AND NOW, this 29th day of May, 2001, upon consideration of Defendant Nationwide Mutual Insurance Company's (Incorrectly Pled as Nationwide Insurance Enterprise) Motion to Dismiss Plaintiffs' Complaint (Doc. # 2), Defendant Allstate's Motion to Dismiss Complaint Pursuant to F.R.C.P. 12 (Doc. # 3), Defendant Great Northern Insurance Company's Motion to Dismiss Plaintiffs' Complaint (Doc. # 8), and the responses thereto, for reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** that:

1. Nationwide's Motion to Dismiss is DENIED without prejudice to Defendant's right to file an amended and renewed motion for summary judgment at the conclusion of all discovery in this action.

2. Allstate's and Great Northern's motions are GRANTED IN PART. Plaintiff's claims for outrage, for violation of the Pennsylvania Unfair Insurance Practices Act, and for treble damages for bad faith insurance practices are DISMISSED.

3. Allstate's and Great Northern's motions are otherwise DENIED without prejudice to Defendants' right to file an amended and renewed motion for summary judgment at the conclusion of all discovery in this action.