**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4567
_____

MICHAEL VERDETTO;
DEBORAH VERDETTO,

Appellants

v.

STATE FARM FIRE & CASUALTY COMPANY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01917)
District Judge: Hon. A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2012

BEFORE: GREENAWAY, JR., GREENBERG and COWEN,  Circuit Judges

(Filed: January 17, 2013)
_____

OPINION
_____

COWEN, Circuit Judge.

Michael Verdetto and Deborah Verdetto (the "Verdettos") appeal from an order of the District Court granting summary judgment in favor of State Farm Fire & Casualty Company ("State Farm"). We will affirm.

I.

We write exclusively for the parties who are familiar with the factual context and legal history of this case. Therefore, we set forth only the facts that are necessary for our analysis.

The Verdettos rented a house in Avoca, Pennsylvania and obtained renters insurance coverage from State Farm. Halfway through their lease, the Verdettos signed a lease for a rental house in Forty Fort, Pennsylvania, and moved most of their property into the Forty Fort house.

A few weeks after moving into the Forty Fort house, there was a fire at the Avoca house. The Verdettos contacted State Farm to report the fire, and told their State Farm claims agent that they still had property at the Avoca house. In addition, they filled out an inventory form, which indicated that they had lost a large number of valuable items in the fire, many of them less than two years old.

Following an investigation, the fire marshal determined that the cause of the fire was arson. State Farm investigated the Verdettos' claim after noting that there were several "red flags" including: (a) the fire marshal told State Farm that he ruled the fire to be arson; (b) the Verdettos claimed to have lost numerous expensive items despite having just moved to a new home; (c) the fire marshal commented that he did not see much

2

personal property at the Avoca house after the fire; (d) the fire marshal informed State Farm that the Verdettos may have previously been involved in an arson; and (e) the fire loss was on new business for State Farm, as the house had only been insured for three months prior to the fire.

On numerous occasions during the course of its investigation, State Farm sent the Verdettos an authorization for the release of financial information and telephone records. It sought this information pursuant to Section I.2(d)(2) of the renters insurance policy, entitled "Your Duties After Loss," which states that: "After a loss to which this insurance may apply, you shall see that the following duties are performed . . . as often as we reasonably require: provide us with records and documents we request and permit us to make copies." (A-256.) This information was to be used by State Farm to rule out the Verdettos' involvement in the setting of the fire. They repeatedly refused to sign the authorization. State Farm concluded that the fire was caused by arson, and denied coverage for a lack of cooperation.

After the denial of the claim, the Verdettos filed suit in state court and State Farm removed the case to the United States District Court for the Middle District of Pennsylvania. Following discovery, the District Court entered an order granting summary judgment for State Farm.[1]

II.

---

[1] Our review of a grant of summary judgment is plenary. *See United States ex rel. Quinn v. Omnicare Inc.*, 382 F.3d 432, 436 (3d Cir. 2004).

The District Court properly granted State Farm's motion for summary judgment on the Verdettos' claims of bad faith and breach of contract by their carrier. Under Pennsylvania law, "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured," the court can award the claimant interest, punitive damages, court costs, and attorney fees. 42 Pa. Cons. Stat. § 8371. "To recover for bad faith, 'a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)). The defendant can defeat a plaintiff's claim by showing that it had a reasonable basis to deny the claim. *Id.* at 523.

It is not bad faith, however, for an insurance company to "conduct a thorough investigation into a questionable claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 138 (3d Cir. 2005). Here, State Farm noticed several red flags, most notably that the fire marshal labeled the fire as an arson and that the property that the Verdettos listed on their inventory form was not found by the marshal at the site.

We observe that when confronted with the question of an insured's duty to cooperate, Pennsylvania courts have uniformly held that an insured has the responsibility to cooperate in good faith with an insurer's investigation of a covered loss. *See, e.g.*, *Habecker v. Peerless Ins. Co.*, No. 07-CV-0196, 2008 WL 4922529, at *4 (M.D. Pa. Nov. 14, 2008); *Ania v. Allstate Ins. Co.*, 161 F. Supp. 2d 424, 427 (E.D. Pa. 2001); *Conway v.*

4

*State Farm Ins. Co.*, No. CIV.A. 98-832, 1998 WL 966030, at *1 (E.D. Pa. Nov. 20, 1998); *Forest City Grant Liberty Assocs. v. Genro II, Inc.*, 652 A.2d 948, 951-52 (Pa. Super. Ct. 1995).  Accordingly, the insured's failure to cooperate with the insurer's investigation may relieve the insurer from liability under the insurance contract if the failure is substantial and causes the insurer to suffer prejudice.  *See Ania*, 161 F. Supp. 2d at 427.

The Verdettos argue that the District Court improperly granted summary judgment because, under Pennsylvania law, whether there has been a material breach of an insurance contract for lack of cooperation "is ordinarily for the jury."  *Cameron v. Berger*, 7 A.2d 293, 296 (Pa. 1938).  While as a general matter this assertion is true, a district court can nevertheless properly grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The record is abundantly clear that the Verdettos repeatedly failed to provide State Farm with financial and telephone records that they were required to turn over.  Based on this unambiguous evidence, the District Court properly determined that State Farm's investigation was prejudiced by the Verdettos' failure to cooperate.  *See Ania*, 161 F. Supp. 2d at 427.  The District Court properly granted summary judgment.

## III.

For the foregoing reasons, we will affirm the Order of the District Court.[2]

---

[2] We will also grant State Farm's motion to strike page A-278 of the Appendix.