# CARDOZA *v.* BAIRD.

APPEALS; INJUNCTIONS; MOOT QUESTIONS; OFFICERS.

1. The mere prosecution of an appeal cannot operate as an injunction where none has been granted.

2. A judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions, or to declare principles of law which cannot affect the matter in issue before it. (Following *United States ex rel. Gannon* v. *Georgetown College,* 28 App. D. C. 91.)

3. Where, pending an appeal from a decree dismissing a bill in equity by a school teacher against the members of the board of education, to enjoin them from claiming to be members of the board, and from undertaking to try the complainant on charges preferred against him, the defendants proceeded to try the complainant, found him guilty and removed him from office, this court will dismiss the appeal as involving merely a moot question. (Following *United States ex rel. Gannon* v. *Georgetown College, supra.*)

4. The official acts of persons whose office exists under the law, and who are clothed with the insignia of the office, and exercise its powers and functions, are recognized as valid on grounds of public policy, and for the protection of those having official business to transact. (Following *Crutchfield* v. *Hewett,* 2 App. D. C. 385.)

No. 1769. Submitted May 10, 1907. Decided June 4, 1907.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia discharging a rule to show cause and dismissing a bill for an injunction.

*Appeal dismissed.*

The COURT in the opinion stated the facts as follows:

This is a suit in equity brought by Francis L. Cardozo, the appellant, against the board of education of the District of Co-

lumbia, the appellees [George W. Baird *et al.*] seeking to enjoin the appellees from claiming to be such board of education or members thereof, and from trying the appellant as a teacher in the public schools of the District upon certain charges and specifications.  After the bill was filed and the rule to show cause had issued to the appellees, they answered the same, and, the cause being submitted and heard by the court below upon bill and answer, the rule to show cause was discharged and the bill dismissed.

The bill states the following case:  The appellees claimed to be the board of education of this District, and as such vested with control of its public schools by virtue of the Act of June 20, 1906, which vested the control of the public schools in a board of education consisting of nine members, to be appointed by the "supreme court judges of the District," and these judges purported to appoint the appellees, who organized such board of education and claimed to be the same under said act.

This act provides that the board shall appoint a superintendent for all the public schools of the District, and upon his written recommendation shall also appoint a colored assistant superintendent for the colored schools; that no appointment, promotion, transfer, or dismissal of any supervising principal, teacher, or other subordinate of the superintendent shall be made by the board except upon the written recommendation of the superintendent; and that when a teacher is on trial or being investigated he shall have the right to be attended by counsel and by at least one friend of his selection.  The appellees prior to September 1, 1906, appointed Chancellor superintendent, and Montgomery colored assistant superintendent.

Since September 1, 1890, the appellant has been a teacher and principal in the public school.  On May 24, 1904, he was promoted to be supervising principal of the thirteenth division of said schools, at a salary of $2,000, annually, and has held the office ever since; and on September 4, 1906, upon the recommendation of Chancellor, superintendent, the appellees appointed and continued the appellant as such supervising principal at a salary of $2,200 annually.

On January 14, 1907, Montgomery as assistant superintendent, and Chancellor as superintendent, preferred charges and specifications to the appellees, charging the appellant as supervising principal with conduct unbecoming his office, and with violating certain rules and by-laws of the board of education of this District adopted by the board of education in existence at and prior to the date of the said act of Congress, which rules had been continuously in force and effect since their adoption.

The appellant, having been notified of the charges and specifications, appeared before the appellees, and formally objected to their right to try him, upon the ground that the appellees, purporting to constitute the said board of education, were without authority because said board claims to have been appointed by the supreme court judges of the District of Columbia, under the act aforesaid, and that the said act, in so far as it provides for the appointment of the board, is unconstitutional and void in that it undertakes to vest in a branch or members of the judiciary department of the United States the appointment of officers of an executive character having no relation to the judiciary.

The appellees overruled this objection, whereupon the appellant moved that the charges and specifications be dismissed as uncertain, vague, and insufficient; and this motion being overruled, and the appellant, being called on to plead, pleaded not guilty to each of the charges and specifications; and the appellees, professing to be the board of education, undertook and assumed to try the appellant, and was so engaged at the time he filed this bill.

The bill prayed that the appellees be restrained and enjoined from claiming to be the board of education of the District, or members or a member thereof; that they may be restrained and enjoined from undertaking to try the appellant on the charges and specifications aforesaid, or any of them, and for general relief.

A rule to show cause was issued to the appellees, who, in answering, say that they, the appellees, are both *de jure* and *de facto* the board of education of the said District, and as such

vested with the control of the public schools of the said District under said act of Congress; that Chancellor and Montgomery were legally appointed superintendent and assistant superin- tendent, respectively, and are both *de jure* and *de facto* such of- ficers; that under and by virtue of their authority under said act the appellees on September 4, 1906, appointed and contin- ued the appellant as supervising principal at the salary pro- vided for in said act, and not at the salary he had previously received; that the appellant duly recognized the appellee as, the board of education, duly accepted the said appointment, and duly took the oath of office under said appointment, and entered. upon his duties; that the charges against the appellant were pre- sented, and he was notified of his intended trial thereon, and that the appellant proceeded in his defense as set forth in the bill; that the said act of Congress is constitutional and valid under art. 2, sec. 3, of the Constitution, authorizing Congress to vest the appointment of inferior officers in the courts of law,. and art. 1, sec. 8, authorizing Congress to exercise exclusive legislation in all cases whatsoever over the District of Colum- bia; that the appellant has recognized the appellees as the board of education in receiving his salary under their authorization,. and in the discharge of his duties as supervising principal, and by filing a petition for writ of mandamus against the appellees, as the said board; and that the appellees, if not *de jure,* are *de facto,* the board of education as aforesaid, and the appellant is estopped, by reason of his action in the premises as in the an- swer set out, from questioning the right of the appellees as such board to try him on the charges aforesaid.

As appears from the record, the cause was heard upon the bill and exhibits, the rule to show cause and the answer; and,. being submitted to the court upon said pleadings as on final hearing, the bill was dismissed; and the appellant claims that the court below erred in not holding the act of June 20, 1906,. unconstitutional and void, and in holding that the charges and specifications against the appellant were sufficient, and in hold- ing that the appellant held his office by authority of the appel- lees, claiming to be the board of education of the District.

*Mr. Henry E. Davis, Mr. Mason N. Richardson,* and *Mr. James A. Cobb* for the appellant.

*Mr. Stuart McNamara* for the appellees.

Mr. Justice McComas delivered the opinion of the Court:

The interesting constitutional question which was presented with much force and ability by appellant's counsel should not be considered by us on this appeal. It is conceded by counsel that after the court below dismissed the bill the appellees proceeded with the trial of the appellant on the charges and specifications described, adjudged him guilty, and removed him from his office as supervising principal. The trial sought to be enjoined ended on March 9, 1907, and this appeal came to this court ten days later. When an injunction has been dissolved it cannot be revived except by a new exercise of judicial power; and no appeal by dissatisfied parties can of itself revive it. *A fortiori* the mere prosecution of an appeal cannot operate as an injunction where none has been granted. *Knox County* v. *Harshman,* 132 U. S. 14, 16, 33 L. ed. 249, 250, 10 Sup. Ct. Rep. 8. The things sought to be prohibited have been done, and cannot be undone by any order of this court or the court below. There is nothing but a moot case remaining. Reversing the decree in this case would be doing a vain thing. A judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions, or to declare principles of law which cannot affect the matter in issue before it. See *United States ex rel. Gannon* v. *Georgetown College,* 28 App. D. C. 91; *Mills* v. *Green,* 159 U. S. 651, 653, 40 L. ed. 293, 294, 16 Sup. Ct. Rep. 132.

The decisive action which made this appeal of no effect was taken by the appellees, the present board of education, which succeeded a prior board; and under the act of June 20, 1906, the appellees are at least *de facto* the board of education. It is made up of members who have discharged the duties of this office since July 3, 1906, when they were appointed by the jus-

tices of the supreme court of this District. The appellant has recognized this board, has taken his oath of office under it, has received his salary under this board's authorization, the departments of the government recognize this board of education, and the appropriations of Congress have been paid out under its authority. This board succeeded another which did not dispute the lawful succession, and it is now the only board of education in existence in this District. If we could do so, no good reason appears why we should seek to review the proceedings of this Board in behalf of the appellant, who has in several ways recognized the existence of this board of education. As Mr. Justice Field said: "Where an office exists under the law, it matters not how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of the office, and exercises its powers and functions. * * * The official acts of such persons are recognized as valid on grounds of public policy, and for the protection of those having official business to transact." *Norton* v. *Shelby County,* 118 U. S. 425, 444, 30 L. ed. 178, 187, 6 Sup. Ct. Rep. 1121; *Crutchfield* v. *Hewett,* 2 App. D. C. 385. It was such a board that found the appellant guilty and dismissed him; and before this appeal came to this court the court below dismissed the bill, the object of which was to restrain this board from proceeding with that trial, and from deciding the case and dismissing the appelant. Accomplished facts have made this a moot question.

This appeal should be *dismissed, with costs, and it is so ordered.*