## PRICE v. WILSON et al.
### No. 49.

The Municipal Court of Appeals for the District of Columbia.

March 29, 1943.

James J. Laughlin, of Washington, D. C., for appellant.

Herman Miller, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiffs sued for possession of dwelling house property. The case was tried to a jury and a verdict for plaintiffs resulted. From the judgment on said verdict, defendant appealed. He furnished a supersedeas bond. While the appeal was pending and before argument defendant removed from the premises and plaintiffs took over possession. Because of that situation, appellees have pressed for a dismissal of this appeal.

There is thus presented the primary question as to whether there is anything for us to decide on this appeal or whether the question has become moot because defendant has surrendered possession to plaintiffs.

The applicable law was clearly stated many years ago by the Supreme Court in Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 133, 40 L.Ed. 293: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

This language was quoted with approval in State of Tennessee ex rel. Maloney v. Condon, 189 U.S. 64, 23 S.Ct. 579, 47 L. Ed. 709. It was also followed in Buck's Stove & Range Co. v. American Fed. of Labor, 219 U.S. 581, 31 S.Ct. 472, 55 L.Ed. 345; Chesapeake Western Ry. Co. v. Jardine, 56 App.D.C. 33, 8 F.2d 794; McKinley Memorial Baptist Church v. American Workmen, 61 App.D.C. 179, 59 F.2d 303; International Bank v. Securities Corporation, 59 App.D.C. 72, 32 F.2d 968; Cardoza v. Baird, 30 App.D.C. 86; Shaw v. Lane, 47 App.D.C. 170.

Applying the rule to this case we find this situation: The trial court by its judgment required defendant to yield possession to the plaintiffs. He appealed and filed a supersedeas bond. The filing and approval of that bond suspended the operation of the judgment and entitled him to remain in possession until after the disposition of this appeal. But he elected to vacate the premises and plaintiffs have resumed possession. That constituted a voluntary removal and a compliance with the judgment. It makes plaintiffs' possession a fait accompli and leaves the appeal in such condition that there is no effective action that we can take either by affirmance or reversal.

If we were to affirm we would be approving the decision of the trial court that plaintiffs be restored to possession. But the tenant has already approved it himself

by removing from the property and abandoning possession to plaintiffs.

If we should reverse, the effect would be that plaintiffs should not have possession; whereas their opponent in the litigation has already voluntarily given them that possession. Or, if we should remand for a new trial there would be no issue to try, for plaintiffs already have the possession they have sought.

Thus any attempt on our part to adjudicate the merits of the appeal would be merely to record our views concerning a controversy which no longer exists and to rule on a question which has become moot and purely academic. This is no mere technicality. It goes to the very foundation of the appeal.

Appeal dismissed.