## JAMISON v. GARRETT.

### No. 11568.

United States Court of Appeals
District of Columbia Circuit.

Argued March 20, 1953.

Decided April 30, 1953.

Mr. Howard J. McGrath, Washington, D. C., with whom Mr. Herbert D. Horowitz, Washington, D. C., was on the brief, for appellant.

Mr. Robert H. McNeill, Washington, D. C., with whom Mr. T. Bruce Fuller, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Appellant Maude Jamison, as executrix and sole beneficiary of the will of Sarah Louise Jamison, testatrix, filed suit to set aside a sale of real estate by the testatrix to appellee Sallie Day Garrett on the grounds of incapacity, inadequacy of consideration and inducement of the sale by threats, fraudulent representations and undue influence. The appeal is from an order of the District Court granting appellee's

motion for summary judgment on the basis of res judicata.

In 1946 Maude Jamison was in possession of the property, where she ran a rooming house. Sarah Louise Jamison had record title to and lived on the premises. In February of that year she sold and conveyed the property to appellee who then filed an ejectment action against Maude Jamison. The latter's defense was that Sarah Louise Jamison had only naked legal title when she deeded the property to appellee and that equitable title belonged to Maude Jamison by virtue of an oral contract under the terms of which Sarah Louise Jamison retained only a right to live in the premises until her death, at which time title was to belong entirely to said Maude Jamison. It was asserted that appellee had actual knowledge of this agreement. Clarifying the alleged contractual arrangement a pretrial order recited that Maude Jamison "was to acquire record title of the property by the Will of the said Sarah Louise Jamison."

On March 28, 1947, the ejectment action was settled by a stipulation which provided that appellee would pay Maude Jamison $1,500.00 "in full payment of all her right, title and interest in and to" the premises; that Maude Jamison should retain all the rents and profits and certain personal property, and that she would deliver a "Quit-Claim Deed" at the conclusion of the action. Judgment, entered the same day, recited the provisions of the stipulation and provided:

"* * * that the plaintiff, Sallie Day Garrett [appellee], be, and she hereby is, adjudged to be the owner in fee simple, subject to covenants, restrictions and encumbrances of record, but free and clear of all claims and demands whatsoever of the defendant [appellant], Maude Jamison * * *."

The settlement agreement was carried out by both parties.

Appellant, executrix, contends that this prior judgment is not res judicata since she was sued in her individual capacity while now she sues in her representative capacity, §§ 12–101, 20–501, D.C.Code (1951), to enforce a right which was personal to her testatrix, and because the subject matter, issues and relief sought are different.[1] It might be that these differences render res judicata inapplicable, a question we do not decide, but we think the judgment below in any event should be affirmed because in the circumstances of the case Maude Jamison as executrix may not claim title inconsistent with the effect of the quit-claim deed which she gave individually as part of the settlement of the prior litigation.

Maude Jamison is sole beneficiary under the will of Sarah Louise Jamison. Her success in this litigation now pursued as executrix would inure solely to her individual benefit. This being so the ordinary distinction between her representative and her individual capacity is not material. Chicago, R. I. & P. Ry. v. Schendel, 1926, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757. The principle applicable is stated in Huyler v. Dolson, 1905, 101 App.Div. 83, 86, 91 N.Y.S. 794, 796, as follows, though it was not there applied,

"It is doubtless true that one may not, in equity, where he alone is to be benefited, obtain to his exclusive use, by invoking in a representative capacity, what he would not be entitled to in his individual capacity. * * *"

Similarly, in Cook v. Baker, Tex.Civ.App., 1930, 27 S.W.2d 893, it was held that where an executor is also sole devisee the two interests are the same. While the decision was reversed on other grounds, Tex.Com. App., 1932, 45 S.W.2d 161, 165, the court pointed out:

"* * * that the will of Thomas Cook, having bequeathed all of his property to the plaintiff in error, John

---

1. She raises two other contentions. The first, that this is not a collateral attack on the prior judgment for fraud, does not require attention in view of our disposition of the case. The second is that the issue of res judicata has been determined during the pendency of the present action because the court at one time granted appellant's motion to strike the defense of res judicata. Suffice it to say that the order granting this motion was expressly vacated when the court granted summary judgment.

A. Cook, in the absence of *debts* against the estate, had the legal effect, when it was probated, as it was, to place into the lawful possession of the plaintiff in error all his property, subject only to such claims against the property as could lawfully be enforced when such property had passed out of the estate and into the sole legatee provided by the will."

█ The question in the end, therefore, is whether Maude Jamison could now recover in her individual capacity. We have seen that in the prior litigation she defended as the equitable owner, asserting that Sarah Louise Jamison had only naked legal title. She made a settlement on the basis of parting with the equitable title she claimed, and she may not now say the contrary. The principle stated by the Supreme Court in Davis v. Wakelee, 1895, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578, applies:

"It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. * * *"

See, also, Galt v. Phoenix Indemnity Co., 1941, 74 App.D.C. 156, 159, 120 F.2d 723, 726, and cases cited; Hart v. Mutual Ben. Life Ins. Co., 2 Cir., 1948, 166 F.2d 891, certiorari denied, 335 U.S. 826, 69 S.Ct. 51, 93 L.Ed. 380; Hughes v. Ward Oil Corp., 5 Cir., 1942, 124 F.2d 393; Smith v. Sheeley, 1870, 12 Wall. 358, 361, 79 U.S. 358, 361, 20 L.Ed. 430.

█ The above really answers appellant's contention that a quit-claim deed does not estop its grantor from setting up an after-acquired title, see Morris v. Wheat, 1896, 8 App.D.C. 379; 16 Am.Jur., Deeds,

§ 344, for here, as we have seen, "there was something more than a mere quit-claim deed, executed in advance of the acquisition of any interest" by the grantor. United States v. Colorado Anthracite Co., 1912, 225 U.S. 219, 223, 32 S.Ct. 617, 56 L.Ed. 1063. The deed was part of a settlement of litigation in which Maude Jamison claimed the equitable title and a right to the legal title under a contract of testatrix to will the property to her. In the circumstances of the settlement the quit-claim deed must be construed as a surrender of these claims, and should be given the effect intended. Wise v. Watts, 9 Cir., 1917, 239 F. 207, certiorari denied, 244 U.S. 661, 37 S.Ct. 745, 61 L.Ed. 1376. See, also, Burns v. Fincke, 1952, 90 U.S.App.D.C. 381, 197 F.2d 165. Maude Jamison parted with her right to claim legal title through the will, the very interest now asserted as executrix and, as we have seen, her interest as executrix coincides with her individual interest.

A different result is not required by reason of the allegations in her complaint that the 1946 deed of the testatrix to appellee, which as executrix she seeks now to set aside, grew out of threats, fraudulent representations and incompetence. Maude Jamison asserted in defense to the ejectment suit that appellee had persuaded Sarah Louise Jamison to execute this same deed and that the property covered thereby had a value far in excess of what appellee paid for it. More important, the complaint fails to allege that any basis now advanced for setting aside the deed was unknown to Maude Jamison when she quit-claimed her interest in and claim to the property as part of a settlement which included substantial payments to her. In these circumstances, considered with the fact that she is sole beneficiary named in the will, her present representative status as executrix gives her no standing to claim what she had parted with, and could not now obtain, in her individual capacity.

Affirmed.