## HOHENSEE v. MANCHESTER.

### No. 1424.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 21, 1953.

Decided Jan. 29, 1954.

Rehearing Denied Feb. 12, 1954.

Ervin Hohensee, appellant, pro se.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This case is here on appeal for the second time. Appellant was sued by his landlord for possession for nonpayment of rent. The landlord obtained judgment and on the prior appeal we reversed because of certain irregularities in the trial.[1] At the second trial a rather unusual situation developed. It appeared that after judgment in the first trial a writ of restitution had been issued (the tenant had not given a supersedeas bond), the landlord had thereby obtained possession, and no effort had been made by the tenant to regain possession after reversal of the judgment. Because of these facts, the tenant moved before trial for a dismissal on the ground that the case was moot. His position, in his own words, was: "In view of the fact that the defendant does not now have, and for some time has not had, possession of the premises, and plaintiff now has, and for some time has had, possession of the premises, there is no basis for this action and the complaint should be dismissed or summary judgment rendered for the defendant." His motion was denied. When the case was ready to proceed to trial the tenant renewed his motion, stating to the court: "I here and now state I am voluntarily surrendering possession which of course I do not

---

1. Hohensee v. Manchester, D.C.Mun.App., 99 A.2d 86.

have, and will not prosecute any rights I have to acquire possession, in order to clarify any possibility that the case is not moot." When the court inquired if the tenant was willing to agree that the landlord "is formally entitled to legal possession," the tenant refused to agree, but finally stated that the only reason he did not believe the landlord was entitled to judgment was because she already had possession. Without taking any evidence the court entered judgment for the landlord on the basis of the tenant's statements. The tenant has appealed.

The substance of the tenant's argument on appeal is: (1) That the case should have been dismissed as moot, and (2) that it was error to enter judgment without first having the landlord present her case and giving the tenant an opportunity to present his defense.

 The case was not moot. Our reversal of the prior judgment placed the parties in their original positions. The fact that the landlord had obtained possession under a judgment which was later reversed did not alter the situation. A tenant who has been evicted under an erroneous judgment may on reversal of the judgment seek restitution of possession.[2] Though the landlord had actual possession, the issue between the parties—the right to possession—remained undecided and the case was not moot.

Was the trial court correct in awarding judgment to the landlord on the basis of the tenant's statements and concessions and without the taking of evidence? The issue between the parties, as we have said, was the right to possession. The tenant stated in open court that he was voluntarily surrendering possession. Having been ousted by the landlord, the tenant had the right to accept such ouster as the termination of the tenancy. But the tenant was unwilling to unequivocally acknowledge the landlord's present right to possession. The tenant's surrender in open court of his

rights, if any, to possession had the effect of establishing the landlord's then possession as a legal possession, and we think the court was justified in awarding the landlord judgment for possession to finally settle this issue between the parties. It is true that the suit commenced as one for possession for nonpayment of rent, but regardless of the ground the issue was the right of possession. Any remaining differences between the parties may be settled by other litigation if the parties so desire, but we think this phase of their differences was rightly settled by the trial court.

Affirmed.

2. *Quick v. Paregol*, D.C.Mun.App., 68 A.2d 211.