**M. Valerie PLATER, Appellant,**

**v.**

**Jean T. CAMPBELL, Appellee.**

**No. 4761.**

District of Columbia Court of Appeals.

Argued Sept. 20, 1968.

Decided Oct. 29, 1968.

Louis J. Barracato, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge.

Appellant purchased a "carry-out" food business that was operated in a two-story building owned by appellee. Upon making the purchase, appellant leased the building from appellee for a term of one year.[1] When the lease expired on July 31, 1966, it was not renewed, but appellant continued in possession paying the same monthly rent until the spring of 1967 when appellee agreed to a reduced rent. Appellant paid the reduced rent until November 1967, when she ceased operating the business, and thereafter paid no rent. In January 1968 appellee brought this action for possession for nonpayment of rent. At the conclusion of the trial before a jury, the court directed a verdict in favor of appellee, and this appeal followed.

We first consider appellee's claim that the appeal is moot because appellant voluntarily surrendered possession pending the appeal. Appellant contends that the United States Court of Appeals (hereafter referred to as USCA) has held the appeal not to be moot. We disagree. After the appeal had been noted in the trial court, appellant moved in the trial court that, because of her indigency, she be furnished with a free transcript of the trial proceedings. The motion was denied and appellant then moved this court to order a free transcript. We denied the motion. Appellant then petitioned the USCA for allowance of an appeal from our denial of a free transcript. The USCA denied the petition "without prejudice to a renewal thereof after a final decision has been rendered on the merits of the appeal now pending in the District of Columbia Court of Appeals in case No. 3792."[2] At the same time the USCA denied appellee's motion to dismiss as moot. We are not informed as to the basis or nature of appellee's motion in the USCA to dismiss as moot, but it is clear that the only appeal then in the USCA was one from our order denying a free transcript. The appeal from the judgment for possession was not at that time before the USCA or even before us as the appeal on the merits from the judgment for possession was not docketed in this court until months after the action of the USCA.[3] The appeal has now

1. The lease provided that appellant would not carry on any business in the building except that of restaurant, delicatessen, carry-out, grocery or novelty store. The second floor contained living quarters and appellant leased them to a third person.

2. This is a little confusing to us as it is not readily apparent what purpose a free transcript would serve after a decision on the merits of the appeal.

3. The reference in the order of the USCA to a decision on the merits of the appeal by this court "in case No. 3792" was erroneous. Case No. 3792 was an original proceeding concerned only with appellant's claim to a free transcript in order to thereafter prosecute her appeal.

been docketed, briefed, and argued; and we feel free to pass upon the question of the mootness of the appeal.[4]

Judgment for possession was entered on March 11, 1968, and a writ of restitution was issued but expired without having been executed. Notice of appeal was filed on March 15. On April 10 appellant went to the office of appellee's personal attorney (not her attorney of record in this case), and she and the attorney signed a memorandum which recited:

"Received of Miss M. Valerie Plater keys to the entire premises of 8 and C Streets, N.E. known as 301 8th Street, N.E. and Miss Plater releases possession of said premises as of this date."

A voluntary compliance with a judgment renders an appeal therefrom moot,[5] but an involuntary satisfaction of a judgment will not make the appeal moot.[6] Appellee contends that when appellant, faced by no writ of restitution or threat thereof, went to the office of appellee's lawyer and delivered the keys and "released" possession, she voluntarily complied with the judgment. Appellant argues otherwise, but it is noteworthy that she has filed no affidavit asserting any lack of voluntariness on her part or indicating any desire to be restored to possession. It is difficult to conceive of any reason why appellant would desire to regain possession. Her business had been closed for many months and she had not obtained a renewal of her license to do business. If she regained possession, her possession, as conceded by her counsel at oral argument, would be that of a tenant at sufferance subject to termination by appellee on thirty days' notice. Bearing in mind that appellant has at all times been represented by competent counsel, the only reasonable conclusion to be drawn from appellant's conduct is that she voluntarily surrendered possession.

Appellant argues that even if possession was voluntarily surrendered, the appeal is not moot because of our holdings in Brown v. Southall Realty Company, D.C. App., 237 A.2d 834 (1968) and Saunders v. First National Realty Corporation, D.C. App., 245 A.2d 836, (decided September 23, 1968), to the effect that even if possession is no longer in issue, the appeal is not moot because the determination of the rent due would be res judicata in a subsequent action to collect the rent. However, both during trial and in her brief here, appellee specifically waived her right to claim that the judgment for possession would be res judicata in any subsequent action for the rent. This leaves appellant free to assert any defense should such an action be brought.

Our conclusion is that this appeal has become moot and should be dismissed on that ground.

Appeal dismissed.

4. The record filed here contains a transcript of over 200 pages. Appellant's brief states that the cost of the transcript "has been paid on behalf of appellant," but does not say by whom it was paid.

5. Price v. Wilson, D.C.Mun.App., 32 A.2d 109 (1943).

6. Morfessis v. Marvins Credit, D.C.Mun. App., 77 A.2d 178, 26 A.L.R.2d 1082 (1950).