**Arstine GADDIS, Appellant,**

v.

**DIXIE REALTY COMPANY, Inc.,
Appellee.**

**No. 4194.**

District of Columbia Court of Appeals.

Argued Oct. 7, 1968.

Decided Jan. 8, 1969.

Brian Michael Olmstead, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee. Mervyn I. Aronoff, Washington D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

On April 8, 1965, appellant and one Alberta Harris leased a two-family house for a year at a rental of $190 per month. At the time of the rental, appellee did not disclose to appellant that the property was in the process of being condemned pursuant to a condemnation order issued March 15, 1965, by the District of Columbia Board for the Condemnation of Insanitary Buildings. Since the owner of the property did not contest the condemnation order, it was formally condemned on May 18, 1965. However, the time was extended to accommodate the occupants already living on the premises, at periodic intervals, until June 11, 1966. The condemnation order, listing sixteen deficiencies, stated that the house was in such an insanitary condition that the health and lives of the occupants of the building were endangered. When Alberta Harris moved out in June of 1965, appellant, a welfare recipient and mother of seven children, for several

months paid the entire rent which formerly had been divided between the two lessees. Thereafter, by agreement, she paid a reduced rent for each month during which the Condemnation Board permitted her occupancy. Appellee brought this action to recover possession of the premises when appellant became delinquent in her rent. Appellant counterclaimed for damages by way of setoff.

At the trial before a jury, after appellant made a proffer of proof to which appellee stipulated, the trial court held as a matter of law that the condition of the premises did not alter or affect appellant's obligation to pay rent. Accordingly, the court ruled that the defenses raised by appellant as to the deplorable condition of the property were irrelevant and immaterial to the action and granted a motion for directed verdict for appellee. The court also found, again upon stipulation by counsel, that rent of $230 was unpaid. Judgment for possession was then entered for appellee, together with a money judgment against appellant of $230. Multiple errors are alleged, but we concur in the contention that the appeal must be dismissed as moot.

■ In general, a voluntary removal from the premises while an appeal is pending renders a case moot,[1] but an involuntary surrender of possession does not moot the appeal.[2] In this case no supersedeas bond was posted. An alias writ of restitution was issued on July 14th and executed on July 20th, after appellant had moved on July 16th to public housing. Appellant has argued that she vacated under the threat of eviction, which cannot be deemed a voluntary surrender of possession. Zindler v. Buchanon, D.C.Mun.App., 61 A.2d 616 (1948). However, unlike *Zindler,* appellant made no statement to the landlord that she expected to be restored to possession if successful on appeal. In fact, she was apparently anxious to vacate the premises since for a period of months before suit was filed she had, with the assistance of the Relocation Assistance Center of the Redevelopment Land Agency, been trying to find other living quarters. Her departure from the premises immediately after an apartment was found supports appellee's contention that the termination of her occupancy was voluntary, and we think it unreasonable to believe that appellant would ever have wished to return to live in a condemned building. Moreover, it is now impossible for appellant to regain possession of the premises because the house has been demolished pursuant to the order of condemnation.

Appellant also will not be prejudiced by any possible collateral effects of res judicata because appellee has agreed to remit the judgment for rent entered by the lower court.[3]

■ Although flagrant violations of the District of Columbia Housing Regulations existed, placing the case under the penumbra of Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968),[4] it is the

1. Plater v. Campbell, D.C.App., 247 A.2d 424 (1968); Kayson v. Formant, D.C. Mun.App., 166 A.2d 488 (1960); Price v. Wilson, D.C.Mun.App., 32 A.2d 109 (1943).

2. Hohensee v. Manchester, D.C.Mun.App., 102 A.2d 461, cert. denied, 348 U.S. 864, 75 S.Ct. 89, 99 L.Ed. 681 (1954); Ancher v. Lamb, D.C.Mun.App., 86 A.2d 533 (1952).

3. Appellee's counsel stated in oral argument that the judgment for rent would not be enforced. It also appears from the record that appellee had no intention of collecting its judgment inasmuch as a praecipe had already been filed in the trial court entering the judgment as paid and satisfied in full.

4. Counsel also conceded in oral argument that the lease agreement was void and that Brown v. Southall applied in this case except for the technical distinction that there was no outstanding order from the Housing authorities.

court's function to decide actual controversies by a judgment which can be carried into effect, rather than decide abstract or moot questions of law.[5] No additional remedy can be afforded appellant by reversal in this case and we therefore hold the appeal is moot.

Appeal dismissed.

---

5. Price v. Wilson, supra note 1.