**Ruby JOHNSON, Appellant,**

v.

**Nathan HABIB, Appellee.**

**No. 4548.**

District of Columbia Court of Appeals.

Argued March 17, 1969.

Decided June 30, 1969.

---

Louis J. Barracato, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge:

Appellee initiated action in the court below to recover possession of certain premises which he was renting by the month to appellant who had defaulted in her payment of the rent. Appellant did not file an answer to appellee's complaint and the trial court entered judgment in favor of appellee. Six days later, appellant moved to vacate the judgment under Rule 60(b) of the District of Columbia Court of General Sessions Civil Rules on the grounds that the service of the complaint had been invalid and therefore the court lacked jurisdiction to render judgment and that her failure to answer had been the result of excusable neglect or surprise. After a hearing the trial court denied appellant's motion and she challenges the correctness of that action.

The record shows that *subsequent* to the entry of default judgment but prior to the hearing on appellant's motion to vacate a fire destroyed the entire second floor of the house in question. Thereafter, the Department of Licenses and Inspections of the District of Columbia issued a notice to appellant to vacate within 24 hours pursuant to which she moved. We recognized in Price v. Wilson, D.C.Mun.App., 32 A.2d 109 (1943), the principle established by the Supreme Court a number of years ago which is applicable to the instant case. We quoted that rule from the case of Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895) as follows:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. [653, 16 S.Ct. 132, 133]

The only issue remaining in this case is the right to possession of an abandoned house since appellee at oral argument waived all claims to rent. There is no showing on this record that appellant who has eight children and had been ill prior to this incident would or could return to premises which had been so gutted by fire as to be cited by the Department of Licenses and Inspections.[1] Under these circumstances we fail to see how we can afford appellant any remedy by reversal and we conclude that the case is moot and the appeal must be dismissed. See Gaddis v. Dixie Realty Company, Inc., D.C.App., 248 A.2d 820 (1969); Plater v. Campbell, D.C.App., 247 A.2d 424 (1968).

Appeal dismissed.

---

1. The only bathroom in the house was destroyed by the fire.