**Bernard REESE, Appellant,**

v.

**DIAMOND HOUSING CORPORATION,
a corporation, Appellee.**

**No. 4776.**

District of Columbia Court of Appeals.

Argued June 16, 1969.

Decided Dec. 2, 1969.

Richard B. Wolf, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM.

Appellant's lessor sued to recover possession of its property from appellant for alleged nonpayment of rent. The defense was that certain violations of the Housing Regulations relieved appellant of the obligation to pay rent under the lease.

After trial, in a memorandum opinion, the trial judge wrote that he was unwilling to conclude that housing violations existed with respect to the premises at the inception of the lease of a quality and kind sufficient to render the premises unsafe and unsanitary having in mind the age of the structure and its general suitability for housing in the particular area of the city. Nor was he satisfied that other complaints arising during the tenancy rendered the premises unsafe and unsanitary. He ruled that deficiencies found to exist by the housing authorities as a result of an inspection made just prior to trial did not relate back to a period before the unpaid rent was due, and, further, found no proof of the extent to which the alleged violations offset appellant's liability to pay rent. Judgment for possession was entered for appellee. We affirm.

It was our decision in Brown v. Southall Realty Company, D.C.App., 237 A. 2d 834 (1968), that if a landlord knowingly leases an uninhabitable dwelling, in contravention of the Housing Regulations which set out the minimum standards of repair and sanitation, the rental agreement is void. In *Brown*, official citation of the housing violations prior to entering into the lease supplied the evidence of uninhabitability, but we have recently held that housing violations sufficient to render the premises unsafe and unsanitary may exist

and void the lease even in the absence of official notification.[1] Generally, as here, the question of the existence of housing violations and their effect on habitability will be one of fact to be submitted to the trier of fact, whether the court or the jury.[2]

While the language of the court's memorandum opinion in this case appears at times somewhat contradictory in applying the principles of Brown v. Southall Realty Company, *supra,* we are satisfied that there is sufficient factual support in the record for the court's decision that any housing violations which existed at the inception of the lease did not substantially affect habitability.

Affirmed.

1. Diamond Housing Corp. v. Robinson, D.C.App., 257 A.2d 492 (1969).

2. Diamond Housing Corp. v. Robinson, *supra* n. 1. *Cf.* Gaddis v. Dixie Realty Co., D.C.App., 248 A.2d 820 (1969), where there were flagrant violations of the Housing Regulations.