Wesley ATKINS, Juanita Irby, et al., Appellants,

v.

UNITED STATES, Appellee.

Elouise McCRAY, Appellant,

v.

UNITED STATES, Appellee.

George W. JOHNSON et al., Appellants,

v.

UNITED STATES, Appellee.

Nos. 5786, 5808 and 5843.

District of Columbia Court of Appeals.

Argued Sept. 14, 1971.

Decided Nov. 5, 1971.

John J. Baker, Washington, D. C., with whom Sharon P. Banks and Willie E. Cook, Jr., Washington, D. C., were on the brief, for appellants.

George O. Ackerman, Washington, D. C., with whom Charles David Nelson, J. Robert Jones and Bobby B. Stafford, Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER and REILLY, Associate Judges.

KERN, Associate Judge.

The narrow question presented by these appeals is whether a landlord's action

for possession of premises has become moot where the record shows only that (1) counsel for both parties represented to the trial court when the cases were called for trial that the tenants had vacated the premises sometime during an eight-month period between the filing of the complaints and trial date and (2) counsel for the tenants (appellants) moved in open court to dismiss the complaints for mootness.[1] The trial court upon these facts and without giving any reason refused to grant appellants' motion and permitted appellee to prove its case. Thereafter, it made a finding of the rent due from each appellant and entered judgments in favor of appellee.[2]

This court has often ruled that where a tenant voluntarily surrenders possession of the premises during an appeal taken from a judgment of possession for the landlord the case is moot and the appeal is dismissed, since there is no longer any controversy remaining between the parties. Dietz v. Miles Holding Corp., D.C.App., 277 A.2d 108 (1971); Johnson v. Habib, D.C.App., 255 A.2d 504 (1969); Gaddis v. Dixie Realty Co., D.C.App., 248 A.2d 820, remanded on other grounds, 136 U.S.App.D.C. 403, 420 F.2d 245 (1969); Price v. Wilson, D.C.Mun. App., 32 A.2d 109 (1943). We see no reason why this same rule of mootness should not apply to a case such as the one before us, where the tenant unequivocally surrenders possession to the landlord before trial, since the landlord has obtained that which he seeks and no controversy remains between the parties. See Haas v. Rathburn, 137 Ind.App. 172, 205 N.E.2d 329, 206 N.E. 2d 389 (1965); Case v. Rewerts, 15 Ill.App. 2d 1, 145 N.E.2d 251 (1957). We quoted with approval in Price v. Wilson, *supra*, what the Supreme Court stated a number of years ago that:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. [Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895).]

*See also* Cardoza v. Baird, 30 App.D.C. 86 (1907); Smith v. Worksman, D.C.Mun. App., 99 A.2d 712 (1953).

Appellee contends, citing our decision in Hohensee v. Manchester, D.C.Mun.App., 102 A.2d 461, cert. denied, 348 U.S. 864, 75 S.Ct. 89, 99 L.Ed. 681 (1954), that a justiciable issue remained at the trial in the instant cases because appellants themselves made no express declaration of surrender of their rights to possession of the premises. In *Hohensee*, the landlord obtained a judgment for possession based upon nonpayment of rent which was thereafter reversed on appeal. At retrial, the tenant, not represented by counsel, contended that the case was moot because he had already surrendered possession of the premises to the landlord.

---

1. These cases constitute but a small number of possessory actions brought by appellee against its public housing tenants who had apparently organized a rent strike to protest conditions on the premises they had leased from appellee.

2. Although the suit was an *in rem* possessory action and not *in personam* for a money judgment for back rent, see Super. L & T, Rule 3, we have directed the trial court when it decides such actions on the merits to make a specific finding of the exact rent due and owing in order to permit the tenant at any time before eviction to pay his rent and avoid forfeiture of his tenancy. Tutt v. Doby, D.C.App., 265 A.2d 304, 305 (1970); Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144, 146 (1947). We have further held that an action for possession decided in favor of the landlord determines finally as between the parties that (1) there is a tenancy between the parties, (2) the lease between the parties is valid and (3) rent is due and owing by the tenant. Tutt v. Doby, *supra*; Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968). Thus, for all practical purposes, a decision for the landlord in a suit for possession determines by the principle of *res judicata* all other matters at issue between the two parties.

The court determined that the right to possession between the parties was still at issue and that the case was not moot because the tenant would not unequivocally concede the landlord's right to possession. Under these circumstances it would have been inappropriate to conclude that abandonment on the part of the tenant had occurred and therefore no justiciable controversy remained.

In the instant case, the unusual circumstances that existed in *Hohensee* were not present. Accordingly, we are of the opinion that the formal request by appellants' counsel in open court to dismiss the cases as moot was sufficient, taken with appellants' departure from the leased premises, to constitute a voluntary surrender of the premises and an unequivocal acknowledgment of their landlord's right to possession.

 Appellee also contends that it has a need for the entry of judgment for possession, or some other formal order, establishing its right to reenter the defaulting tenants' apartments. This is because, as a lessor of public housing,[3] it must seek to avoid accidentally displacing those tenants who leave leased premises without an explanation but who may later return and charge the appellee with wrongful entry. It seems to us that once the tenant *successfully* moves in open court through his attorney to have the suit for possession dismissed as moot (and, of course, the disposition of such motion and reason therefor will be noted and recorded permanently on the court's docket), the tenant is thereafter equitably estopped from later asserting a claim to entitlement to possession. Jamison v. Garrett, 92 U.S.App.D.C. 232, 205 F.2d 15 (1953);

Parker v. Sager, 85 U.S.App.D.C. 4, 174 F.2d 657 (1949) ;[4] Galt v. Phoenix Indem. Co., 74 App.D.C. 156, 120 F.2d 723 (1941). Therefore, appellee would be protected against any conceivable future claim by the tenants.

Under the circumstances of this case we conclude that the trial court should have granted appellants' motions and dismissed the complaints.

Reversed and remanded.

3. *See* Rudder v. United States, D.C.Mun. App., 105 A.2d 741 (1954), rev'd on other grounds, 96 U.S.App.D.C. 329, 226 F.2d 51 (1955). The United States has already relet the apartments of these appellants, according to representation made to us during argument by its counsel.

4. Appellee argues that appellants were estopped from having these cases declared moot because at the time they moved to dismiss for mootness they had pending motions for summary judgment which

they had filed before trial. But *Parker* makes clear that for estoppel to apply against a party to litigation that party must have asserted, *successfully*, one position in litigation, and then switched his position, after the other party has relied thereon to his detriment. In the instant case, appellants were not successful with their summary judgment motions and appellee at no time, according to the record before us, relied to its detriment upon appellants' assertions in such motions.