**Larry ARMWOOD, Appellant,**

v.

**RENTAL ASSOCIATES, INC., t/a
Federal Finance and Realty
Company, Appellee.**

No. 79–1082.

District of Columbia Court of Appeals.

Argued Oct. 14, 1980.

Decided April 1, 1981.

Phillip D. DiRosa, law student counsel (LS # 2665), with whom Ellen M. Scully, Supervising Atty., Washington, D. C., was on the brief, for appellant.

Philip M. Musolino, Washington, D. C., with whom Kenneth J. Loewinger, Washington, D. C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

This appeal from the Landlord and Tenant Branch of the Civil Division of the Superior Court challenges an order directing that $490 which had been paid into the registry of the court by a tenant pursuant to a protective order, be disbursed to the landlord. No evidentiary hearing was held prior to the entry of this order. We reverse and remand.

In December of 1978, landlord/appellee brought an action in the Landlord and Tenant Branch of the Superior Court for possession based on nonpayment of rent for that month. Following tenant/appellant's filing of responsive pleadings, the landlord requested and was granted a protective order requiring the tenant to pay subsequent rent into the registry of the court. Pursuant to the protective order, the rent for both February and March, amounting to $320, was paid into the court registry pend-

ing trial. A subsequent settlement stipulated that the money in the court registry be divided equally between the parties, the tenant pay the rent for April 1979 directly to the landlord, and the landlord make all the itemized repairs in the apartment by April 30, 1979. Further, failure to make the repairs by the prescribed date would allow the tenant to pay rent for May 1979 into the court registry. The agreement made no provisions for the months after May. The repairs were not timely made.

Appellant paid the May rent into the court registry. Similarly, the rent for both June and July was paid into the court registry pursuant to an agreement between the parties reached by praecipe of July 16, 1979. In both May and June, the landlord brought separate actions for possession. Both were subsequently withdrawn. On August 8, 1979, all repairs were finally completed. On September 14, 1979, the landlord filed a motion for release of the monies in the court registry. When the matter came on for hearing, the trial judge, upon learning that the repairs had been completed, immediately ordered that the registry money be released to the landlord.

The record reflects that the trial court effectively prevented appellant from offering evidence as to the effect of existing housing code violations on the reasonable rental value of his apartment during the period of uncompleted repairs. *See Javins v. First National Realty Corp.*, 138 U.S.App. D.C. 369, 428 F.2d 1071 (1970), *cert. denied*, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1971).

In his answer to the complaint, in the settlement agreement, and in his opposition to appellee's motion for disbursal, appellant made specific reference to fourteen separate housing code violations. It is a matter of record that these violations were not corrected until August 8, 1979, rather than April 30, as provided for in the settlement agreement. In fact, for the three months, May through July, during which money was paid into the court registry, the housing code violations continued in existence unabated.

*Javins, supra*, found that due process considerations entitled the tenant to present relevant and material evidence as to the extent the rental contract figure should be abated—if at all—due to violations of the housing regulations which might have existed during his continued use and occupancy of the premises while the protective order was in effect. Only after such a hearing has been held may an order be entered disbursing the funds. *McNeal v. Habib*, D.C.App., 346 A.2d 508, 514 (1975).

The settlement agreement bargained away appellant's right to claim diminution in rental value through the end of April. We are not, however, disposed to conclude that appellant's continued compliance with the trial court's protective order bargained away or waived similar rights for the period of May 1 through July 31, 1979.

The trial court's assumption that the completion of repairs by the landlord rendered moot any further claims by the tenant of abatement in rental value, is misplaced. The housing code violations remained until the beginning of August. Counsel for appellant, at the hearing before the trial court, sought to introduce evidence of these violations and the effect they had on the value of the rental unit during these three months. We hold that a hearing was required for that purpose. *See Javins, supra*, 138 U.S.App.D.C. at 380–81, 428 F.2d at 1082–83. The order directing disbursement to the landlord is reversed and the case is remanded.

*Reversed and remanded.*