**SPARROW WORLD BAPTIST CHURCH, Appellant,**

v.

**E.M. WILLIS & SONS, Appellee.**

**No. 89–984.**

District of Columbia Court of Appeals.

Argued June 17, 1991.

Decided Aug. 7, 1991.

---

Cleveland B. Sparrow, pro se.

Eric J. Sanne, with whom Kenneth J. Loewinger, Washington, D.C., was on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and FARRELL, Associate Judges.

ROGERS, Chief Judge.

Appellant Sparrow World Baptist Church appeals from a judgment for possession for appellee E.M. Willis & Sons. Although the basis for the trial judge's grant of appellee's "motion for judgment" is not entirely clear from the record on appeal, we accept for purposes of this appeal appellee's claim,

which is consistent with the record on appeal, that the trial judge relied on Super.Ct. L & T R. 9(b) requiring a corporation to appear in the Landlord and Tenant Branch through counsel. We conclude, however, that because the complaint names the church, which is not a corporation, L & T R. 9(b) is inapplicable. Accordingly, we reverse and remand for further proceedings.

## I.

Appellee E.M. Willis & Sons, a management company for the landlord, filed suit against appellant Sparrow World Baptist Church for possession of the premises at 5415 Illinois Avenue, N.W., Washington, D.C., alleging failure to cure violations of the tenancy and failure to quit and vacate after expiration of notice to quit and vacate.[1] On June 29, 1989, when the case was scheduled for a hearing, Reverend Sparrow requested, by memorandum, a two-week continuance because he and his attorney were appearing that day in a "carry-over" trial before Judge Kennedy and Reverend Sparrow was scheduled to begin jury duty on July 10, 1989. The memorandum also noted that service in this case was improper. The hearing was continued for one day.

At the hearing on June 30, 1989, Reverend Sparrow advised the trial judge that he had called his attorney the day before and had been advised that his attorney could meet with him next week and that he should request a continuance so that the attorney could review the file and prepare an answer. The trial judge reminded Reverend Sparrow that she had inquired at length the day before whether the attorney had agreed to represent him in this case, and that because of Reverend Sparrow's assurances the court had continued the hearing for one day over appellee's objection. Reverend Sparrow responded that he also had contacted the Corporation Counsel and had a memorandum for the court.

1. In view of another proceeding between the same parties, we refer to the instant case as *Sparrow II.* See note 2, *infra.*

He advised the judge that the tenant in the case is the church, in the name of Sparrow World Baptist Temple, and the church is not a corporation. He noted further that appellee had consistently filed cases in reference to Sparrow World Baptist Corporation, which, according to Reverend Sparrow, was a dormant corporation and in any event is "not a tenant, [and] has never been a tenant."

Thereupon, counsel for appellee requested judgment and represented that in a companion case the church had been sued as a corporation and judgment had been entered by Judge Kennedy.[2] The trial judge pointed out that appellee had not sued the corporation in the instant case. Counsel for appellee advised the judge that the lease was signed in the name of Sparrow World Baptist Church but the rent was paid by Sparrow World Baptist Corporation, and that the issue regarding the corporation had arisen before Judge Kennedy and had been decided in *Sparrow I, supra* note 2. In response to further questions by the judge, counsel for appellee reiterated that the words, "Sparrow World Baptist Church," appears as the signature on the lease and in the judgment in *Sparrow I.* Counsel also advised that "Mr. Sparrow" had signed the lease individually, and that it was appellee's position that the church is actually a corporation and that Judge Kennedy had resolved that issue in *Sparrow I.* Accordingly, the judge, under the impression that the case before Judge Kennedy was titled *E.M. Willis and Sons v. Spar-row World Baptist Corporation,* denied Reverend Sparrow's request for a further continuance and granted judgment to appellee.[3]

II.

On appeal, appellant Sparrow World Baptist Church contends that it was denied due process and the right to a full and fair trial as a result of the trial judge's error in concluding that Sparrow World Baptist Church was a corporation and, therefore, could only appear through counsel.[4] The church maintains that the corporation and the church are separate entities, and that the corporation was not a party to either *Sparrow I* or *Sparrow II* because the corporation was not on the lease. Appellee responds that Reverend Sparrow did not have standing in the trial court in view of his admission that Sparrow World was a corporation, and in any event, the appeal is moot since Sparrow World Baptist Church cannot regain possession of the premises due to its eviction based on the judgment in an earlier suit filed for possession.[5]

Super.Ct. L & T R. 9(b) provides that "[n]o corporation shall appear in this Branch except through a member in good standing of the Bar of this court." The record on appeal indicates, however, that appellee did not sue the corporation, but rather sued Sparrow World Baptist Church. The supplemental record filed by appellee does not indicate that the Sparrow World Baptist Church is a corporation.[6]

---

2. We refer to the proceeding before Judge Kennedy, *E.M. Willis & Sons v. Cleveland R. Sparrow Sr.,* LT 5081–89, as *Sparrow I.* The appeal in *Sparrow I* was dismissed for failure to comply with an order of this court directing the filing of a docketing statement, designation of record, and statement regarding transcript, and to tender the $50.00 docketing fee. *Cleveland R. Sparrow Sr. v. E.M. Willis & Sons,* No. 89–1514 (D.C. June 1, 1990).

3. The judge was also aware that an appeal had been filed in *Sparrow I,* but stated that as far as she could tell no stay had been granted.

4. In view of our disposition we do not address appellant's other contentions.

5. Appellee also argues that Reverend Sparrow has no standing to pursue the instant appeal, citing D.C.App.R. 47(c).

6. Appellee twice supplemented the record on appeal. The first supplemental filing indicates that Sparrow World Baptist Corporation is a duly incorporated corporation under the laws of the District of Columbia as of January 28, 1975. The second supplemental filing purported to show that Sparrow World Baptist Church has been designated as a corporation in papers filed in the bankruptcy court on August 30, 1990. However, the bankruptcy pleadings contained in the supplemental record were filed by Cleveland B. Sparrow, Jr., not appellant Sparrow World Baptist Church, and do not designate Sparrow World Baptist Church as a corporation, but list the church and Sparrow World Baptist Corporation separately.

Nor does the record support appellee's assertion in its brief that Reverend Sparrow conceded at the June 30, 1989, hearing that the church was a corporation. While Reverend Sparrow made efforts to have an attorney represent him, the transcripts shows that he maintained a right to represent the church in his own person and submitted a memorandum to the trial judge. Furthermore, the representations of counsel for appellee to the trial judge at the June 30, 1989, hearing indicate that appellee did not contend that the corporation was named on the lease nor seek to amend the complaint to name the corporation. Finally, nothing in the record on appeal supports appellee's claim that *Sparrow I, supra* note 2, held that the church is a corporation. *Parker v. Stein,* 557 A.2d 1319, 1323 (D.C.1989) (appellee must provide a record on appeal to support its contentions once appellant has presented a record to support appellant's contentions on appeal); D.C.App.R. 10(c)(3) & (5). Indeed, the trial judge erroneously assumed that the named defendant in *Sparrow I* was Sparrow World Baptist Corporation, when in fact Reverend Sparrow, as an individual, was the named party. *See* note 2, *supra.* Under these circumstances, L & T R. 9(b) was inapplicable to *Sparrow II,* the present case.

 Nor can we conclude that this appeal is moot. Appellee relies on the line of authority that, while involuntary surrender of premises does not in itself moot an appeal, *see Millman Broder & Curtis v. Antonelli,* 489 A.2d 481, 483 (D.C.1985) (back rent still at issue); *Gaddis v. Dixie Realty Co.,* 248 A.2d 820, 821, (D.C.), *rev'd on other grounds,* 136 U.S.App.D.C. 403, 420 F.2d 245 (1969), here Sparrow World Baptist Church cannot regain possession because it was lawfully evicted based on a prior judgment which became final. *See Atkins v. United States,* 283 A.2d 204, 205–06 (D.C.1971). Reverend Sparrow disputes that an eviction has occurred and the trial court docket indicates that the writ of restitution issued in *Sparrow I, supra* note 2, was quashed. Appellee offered nothing of record in this court to show that an eviction pursuant to *Sparrow I* had occurred.

Accordingly, since Super.Ct. L & T R. 9(b) was inapplicable, the judgment is reversed and the case is remanded for further proceedings.[7]

---

**7.** On remand appellee is entitled to show that the cause of action is valid as against the church.